UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

SLYVIA MARIE BYRNES,                                                   No. 20-12086-t7

      Debtor.

BARRY J. BYRNES,

      Plaintiff,

v.                                                                                    Adv. No. 20-1070-t
                                                                                      (consolidated)

SYLVIA MARIE BYRNES,

      Defendant.

**<u>OPINION</u>**

Before the Court is Plaintiff's motion to disqualify the presiding judge from hearing this

adversary proceeding. Having considered the parties' submissions, the docket, and the relevant

law, the Court finds that the motion is not well taken and should be denied.

A.    <u>Facts</u>.[1]

For the limited purpose of ruling on the Motion, the Court finds:

Barry Byrnes, the pro se[2] plaintiff in this consolidated adversary proceeding, is Debtor's

estranged husband. Debtor filed this chapter 7 bankruptcy case on October 30, 2020. On the

---

[1] The Court takes judicial notice of its docket. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (a court may sua sponte take judicial notice of its docket).

[2] Mr. Byrnes used to be licensed to practice law in New Mexico. He currently is on inactive status.

petition date, Debtor was a named defendant in a state court action filed by Mr. Byrnes, pending in the Third Judicial District Court, State of New Mexico, No. D-307-CV-2019-00916.

On November 18, 2020, Mr. Byrnes commenced two adversary proceedings in this case: a proceeding to determine that any judgment he obtained from his state law action would be nondischargeable, and a notice of removal by which Mr. Byrnes sought to remove the state court action to this Court.

Mr. Byrnes' notice of removal cited 28 U.S.C. § 1452, which allows removal to bankruptcy court of most actions that are pending when a bankruptcy case was filed. However, the notice neither cited nor complied with Fed. R. Bankr. P.[3] 9027, which sets out procedures to remove a cause of action to bankruptcy court. Bankruptcy Rule 9027(a) provides that a notice of removal must:

> Contain a short and plain statement of the facts which entitle the party filing the notice to remove, contain a statement that upon removal of the claim or cause of action, the party filing the notice does or does not consent to entry of final orders or judgment by the bankruptcy court, and be accompanied by a copy of all process and pleadings.

---

[3] A "Bankruptcy Rule." Similarly, the Federal Rules of Civil Procedure are referred to as "Rules." Unless otherwise noted, the Rules discussed in this opinion are incorporated by reference, without alteration, by a corresponding rule in Part VII of the Bankruptcy Rules.

Mr. Byrnes' notice of removal[4] did not comply with the rule because, inter alia, the notice did not address consent to bankruptcy court jurisdiction, nor did it attach copies of all process and pleadings.

On December 7, 2020, the Court held a scheduling conference in the removed proceeding. The Court reviewed the notice of removal and remarked on its deficiencies. Mr. Byrnes adamantly disagreed. The Court continued the scheduling conference so Mr. Byrnes could fix the defects in the notice.

On December 21, 2020, Defendant filed a motion to dismiss the nondischargeability proceeding, arguing that it was largely duplicative of the removed state court action. The motion

---

[4] The notice of removal states: Please take notice that Barry Byrnes, the non-filing spouse, is removing the lawsuit described below that is pending in New Mexico's Third Judicial District Court to the United States District Court for the District of New Mexico. BASIS FOR REMOVAL AND NATURE OF THE CASE BEING REMOVED. 1. On October 30, 2020, the Debtor filed a Chapter 7 no asset bankruptcy case allegedly for the purpose of discharging consumer debt. 2. On October 30, 2020, a civil suit to recover damages and other relief from the Debtor was pending in the New Mexico Third Judicial District Court, County of Dona Ana. 3. The caption and case number of the pending state court action is: **Barry J. Byrnes v. Matthew Byrnes and Sylvia Byrnes, Case Number: D-307-2019-00916**. 4. The state court complaint was supplemented on October 26, 2020, **Exhibit 1**. 5. This notice of removal is being filed pursuant to the provisions of 28 U.S.C. section 1452(a). 6. The United States District Court for the District of New Mexico has jurisdiction over the parties and the Debtor's Chapter 7 proceeding and the adversary proceeding filed by the non-filing spouse. 7. A motion for stay relief is also being filed in bankruptcy court. 8. Stay relief is requested so that the tort claims described in the supplemental complaint can proceed to judgment. 9. The adversary complaint is a non core proceeding that involves stay relief, the right to proceed to judgment on the tort claims, objections to discharge, and requests for determinations regarding separate and community property assets and liabilities. 10. Removal and relief from automatic stay promotes judicial economy. 11. It is less expensive for the parties to litigate in the federal forum given the status of the state court case. 12. Removal and stay relief will not prejudice creditors of consumer debt since this is a no asset case. 13. There are no secured creditors except for the holder of the HUD reverse mortgage which is not in default and not a current liability. Movant non-filing spouse will be prejudiced if he is not allowed to litigate the state case to judgment in federal court. 14. A judgment will secure and protect the interests of the non-filing spouse from any future claims the Debtor may predicate on an interest in community property. 15. The adversary proceeding is also being filed to protect the non-filing spouse's right to continue to occupy the marital residence and take advantage of the benefits provided by the HUD reverse mortgage.

also noted that "[w]hile the state court action was not properly removed, Defendant does not oppose that matter being removed to this Court."

The Court held a scheduling conference in both adversary proceedings on January 11, 2021. Defendant appeared through counsel; Mr. Byrnes appeared pro se. Although the Court told Mr. Byrnes at the first scheduling conference that his notice of removal was deficient, Mr. Byrnes took no corrective action. Instead, he continued to assert that the removal had been proper. To facilitate his understanding of the matter,[5] the Court read the relevant portion of Bankruptcy Rule 9027(a) aloud and explained to Mr. Byrnes how his notice of removal fell short. Unfazed, Mr. Byrnes accused the Court and Defendant's counsel of playing "procedural games" with him.

After consulting the parties, the Court determined that the two adversary proceedings should be consolidated and that Mr. Byrnes should file an amended complaint combining any state law claims he wanted to pursue with any nondischargeability claims. This ruling eliminated the removal defect issue and rendered Defendant's motion to dismiss moot. On January 15, 2021, the Court entered an order consolidating the adversary proceedings and setting a deadline for Mr. Byrnes to file an amended complaint. A scheduling conference in the consolidated proceeding was set for March 8, 2021. On January 22, 2021, the court entered an order denying Defendant's motion to dismiss.

After filing a motion for default judgment and a motion for relief from the Court's January 15, 2021 order, both of which were denied,[6] Mr. Byrnes filed his amended complaint on February

---

[5] Although he is a retired attorney, Mr. Byrnes was apparently unfamiliar with bankruptcy procedure. The Court later learned that Mr. Byrnes has been an attorney of record in 35 bankruptcies between 1997 and 2003, which experience should have provided him with the ability to comply with the Bankruptcy Rules.

[6] The Court's January 15, 2021, order plainly set deadlines for Mr. Byrnes to file an amended complaint and for Defendant to file an answer. Nevertheless, Mr. Byrnes filed a motion for default judgment because Defendant did not answer an earlier complaint. This weak motion was denied.

10, 2021. The amended complaint contains two counts. In count one, which incorporates by reference a "civil complaint--supplemental pleading" filed in the state court action, Mr. Byrnes asserts claims for defamation and intentional infliction of emotional distress and asks that any judgment thereon be declared nondischargeable. In count two, Mr. Byrnes seeks an order requiring Debtor "to pay and continue to pay her share of contract and/or domestic support obligations" and alleges numerous theories under which such obligations would be nondischargeable. On March 3, 2021, Defendant answered count one of the complaint and filed a motion to dismiss count two. The motion to dismiss is pending.

Defendant's counsel and Mr. Byrnes appeared telephonically at the March 8, 2021, scheduling conference. When addressed by the Court, Mr. Byrnes assumed an antagonizing tone[7] and was often deliberately nonresponsive to the Court's questions about scheduling deadlines. Nevertheless, the Court granted Mr. Byrnes' request for a six-month discovery period, over the objection of Defendant's counsel. After the hearing, the Court entered an order setting pretrial deadlines, including deadlines for discovery completion, expert reports, dispositive motions, and a pretrial order.

Mr. Byrnes' motion to disqualify the Court is based on the January 11 and March 8 scheduling conferences and the orders resulting therefrom. The motion contains 68 numbered paragraphs. Mr. Byrnes' argument that that the Court is biased or partial is set out in fifteen paragraphs:

> 54. Bankruptcy Judge Thuma should disqualify because he did not apply the Bankruptcy Rules of Procedure to the parties in an equal and/or in a fair manner.

---

[7] Mr. Byrnes suggested, for example, that the Court might try to "sneak in" a hearing on the motion to dismiss instead of holding a scheduling conference and accused the judge and his "bankruptcy buddies" of playing games.

55. The bankruptcy court's impartiality is subject to question by a reasonable person fully informed about how procedural matters can adversely affect Plaintiff's case.

56. On January 11, 2021, Judge Thuma entertained legal argument on issues that were not defined by the unserved motion to dismiss filed by the debtor's bankruptcy lawyer.

57. The court heard argument on whether removal was complete based on a legal argument made by the debtor's state court lawyer who did not file any pleadings or motions in the case.

58. The state court lawyer was allowed to insist that removal was incomplete because the supplemental complaint was withdrawn after the fact by a state court judge who acted in clear violation of the automatic stay.

59. This was a baseless legal argument because any proceeding of any type initiated by a person, including a state court judge, was automatically stayed the day after the debtor filed for bankruptcy.

60. On March 8, 2021, Judge Thuma held what was supposed to be a scheduling conference because issue was now supposed to be joined by the parties.

61. The court ignored the fact that the debtor did not join issue on both counts of the amended adversary complaint even after being notified by Plaintiff of that fact.

62. The court thereafter only made cursory inquiry about the time required for discovery and only asked Plaintiff about the need for filing dispositive motions and about his intent to call expert witnesses.

63. The debtor's lawyers were not asked for their input on matters pertaining to dispositive motions and as to their intention to call expert witnesses. The court would not allow for negotiation of a pretrial order or set a hearing and briefing date for the Rule 12(b)(6) motion that was just filed by the debtor.

64. The absence of a scheduling order puts Plaintiff at a disadvantage for purposes of trial preparation. The absence of a scheduling order gives the debtor and her lawyers a tactical litigation advantage over Plaintiff.

65. Plaintiff has no way of knowing the exact nature of his discovery rights since the debtor only joined issue on the state court claims. Plaintiff has no way of enforcing his discovery rights because the debtor's discovery obligations are undefined.

66. Plaintiff is subject to surprise at trial because the debtor's lawyers are not required to provide a list of their lay or expert witnesses or agree on dates for

document production or provide an exhibit list in advance of an anticipated trial date.

67. The Court, in the absence of a scheduling order, is not require[d] to schedule a briefing and hearing date for the Rule 12(b)(6) motion and allow time for Plaintiff to appeal any adverse rulings.

68. There is no allowance for good faith settlement facilitation which could be utilized by Plaintiff to avoid surprise at trial and limit the issues for trial and substantially reduce the time and the expense of litigation.

B.   Legal Standards Governing Disqualification.

Bankruptcy Rule 5004(a) governs disqualification of a bankruptcy judge. It provides:

A bankruptcy judge shall be governed by 28 USC § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstance arises or, if appropriate, shall be disqualified from presiding over the case.

In relevant part, 28 U.S.C. § 455 provides:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
(b) He shall also disqualify himself in the following circumstances:
    (1) Where he has personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

In *United States v. Hines,* 696 F.2d 722, 728 (10th Cir. 1982), the Tenth Circuit held:

There are no express procedural hurdles and, while subsection (b)(1) requires recusal if the judge has actual personal bias or prejudice or extrajudicial knowledge of disputed evidentiary facts, subsection (a) requires recusal merely if the circumstances are such that the judge's "impartiality might be reasonably questioned." *See United States v. Ritter,* 540 F.2d 459, 462 (10th Cir.) *cert. denied,* 429 U.S. 951, 97 S. Ct. 370, 50 L. Ed. 2d 319 (1976). Under section 455(a), the judge is under a continuing duty to ask himself what a reasonable person knowing all the relevant facts would think about his impartiality. *Roberts v. Bailar,* 625 F.2d 125, 129 (6th Cir. 1980). "If there is a reasonable factual basis for doubting the judge's impartiality, ... [he] should disqualify himself ...." 625 F.2d at 129, *citing* H.R. Rep. No. 1453, 93d Cong., 2d Sess. (1974), U.S. Code Cong. & Admin. News, p. 6351.

In *Liteky v. United States*, 510 U.S. 540, 557–58 (1994) (Kennedy, J. concurring) Justice Kennedy

stated:

§ 455(a) is triggered by an attitude or state of mind so resistant to fair and dispassionate inquiry as to cause a party, the public, or a reviewing court to have reasonable grounds to question the neutral and objective character of a judge's rulings or findings. . . . Thus, under § 455(a), a judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute.

In most cases, the form and degree of bias or partiality contemplated under § 455 derives from an "extrajudicial source"—*i.e.*, "knowledge acquired outside [the judicial] proceedings." *Liteky*, 510 U.S. at 551, 554-56 (1994). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555.

Because judicial rulings rarely, if ever, show reliance upon an extrajudicial source, the rulings "almost never constitute a valid basis for a bias or partiality motion." *Id.* at 555. Rather, judicial rulings are usually "grounds for appeal, not for recusal." *Id.*

"Not establishing bias or partiality . . . are expressions of impatience, dissatisfaction, annoyance, and even anger. . . . A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune. *Id.* at 555–56.

"While 28 U.S.C. § 455 imposes a duty on the Court to recuse where any of the statutory grounds exist, there is a corresponding duty not to do so if cause for recusal has not been shown." *In re Cook*, 2011 WL 3501844, at *10–11 (Bankr. D.N.M.) (collecting cases), *aff'd*, 2012 WL 1356490 (10th Cir. BAP), aff'd, 520 F. App'x 697 (10th Cir. 2013).

28 U.S.C. § 455 "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Hines*, 696 F.2d at 729.

C.     There Are No Grounds For Recusal.

1.     General Allegations. Paragraphs 54 and 55 allege in general terms that the Court did not apply the Bankruptcy Rules fairly, thus prejudicing Mr. Byrnes' case. As discussed below, the allegations have no basis in fact.

2.     Defendant's Motion to Dismiss. Mr. Byrnes asserts in paragraph 56 that the Court demonstrated bias by allowing Defendant's counsel to address Defendant's first motion to dismiss at a scheduling conference. The argument is meritless. It was reasonable for the Court to hear preliminary argument about the motion to dismiss because it alleged that the adversary proceedings were duplicative. The motion therefore was relevant to pre-trial scheduling. Nevertheless, the Court allowed Mr. Byrnes to respond to the motion in writing and, ultimately, the Court denied the motion. No partiality or bias was involved, nor did Mr. Byrnes suffer any harm.

3.     The Notice of Removal. The argument in paragraphs 57-59 relate to the Court's ruling that Mr. Byrnes did not properly remove the state court action. Mr. Byrnes' perception that he was treated unfairly by the Court is misguided. Pro se parties must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Further, although Mr. Byrnes is pro se, he was a licensed attorney with years of experience. *See, e.g., In re Barry J. Byrnes*, 132 N.M. 718, 721 (Ct. App. 2002) (Mr. Byrnes was a practicing attorney in January 2001). Despite Mr. Byrnes' unbending assertion to the contrary, his notice of removal did not come close to complying with Bankruptcy Rule 9027(a). The Court's admonition that Mr. Byrnes follow the rule, and the Court's order consistent therewith, did not reflect bias, animosity, or partiality. *See Liteky v. U.S.*, 510 U.S. at 556 (judicial rulings and a court's "ordinary efforts at courtroom administration" are immune from the reach of 28 U.S.C. § 455). In any event, the Court ultimately overlooked the deficiencies in the notice of

removal and allowed the removed proceeding to remain in bankruptcy court.[8] If Mr. Byrnes thinks the Court erred, his remedy is an appeal, not recusal.

4.  <u>Answer to the Amended Complaint</u>. Paragraphs 60 and 61 relate to the fact that, while Defendant answered count one of Mr. Byrnes' amended complaint, she filed a Rule 12(b)(6) motion to dismiss count two in lieu of an answer. Mr. Byrnes apparently thinks it was not appropriate to enter a scheduling order with a Rule 12(b)(6) motion pending. If so, Mr. Byrnes is incorrect. Rule 16(b)(2) requires the Court to issue a scheduling order "as soon as practicable," and generally within 60 days after the defendant has appeared in the action. The Court complied with this deadline with its initial scheduling order. The supplemental scheduling order was entered shortly after Defendant answered count one of Mr. Byrnes' amended complaint and filed the Rule 12(b)(6) motion. The rules do not prohibit or discourage entry of a scheduling order while a Rule 12(b)(6) motion is pending.

Alternatively, Mr. Byrnes may be concerned that Defendant's decision to answer count one and move to dismiss count two is procedurally improper. If so, the concern is misplaced. Rule 12(a)(4) permits a defendant to seek dismissal under Rule 12(b) in lieu of filing an answer. Most courts that have considered the issue have held that a "motion for partial dismissal postpones the deadline for filing an answer to all claims, not just those subject to the motion." *Maass v. Lee*, 189 F. Supp. 3d 581, 587 (E.D. Va. 2016), citing *Ashby v. McKenna*, 331 F.3d 1148, 1151-52 (10th Cir. 2003); *see also* 5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1346 (3d ed.) ("The weight of the limited authority . . . is to the effect that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the

---

[8] Ironically, Mr. Byrnes now wants the proceeding heard by the United States District Court, not the bankruptcy court. Mr. Byrnes filed a motion to withdraw the reference on March 31, 2021. The motion is pending before the United State District Court for the District of New Mexico.

subject of the motion."). Defendant, having filed a partial motion to dismiss, was under no obligation to answer the complaint pending resolution of the motion. Nevertheless, filing a partial answer with a partial motion to dismiss is an accepted practice. *See* Michael D. Moberly & Andrea G. Lisenbee, *To Plead or Not to Plead?: Assessing the Effect of a Partial Motion to Dismiss on the Duty to Answer*, 13 Suffolk J. Trial & App. Advoc. 45, 74 (2008); S. Jarret Raab & Allison B. Hudson, *The Partial Motion to Dismiss: Is Piecemeal Litigation Required in Federal Court Under Rule 12?*, Fed. Law., December 2012, at 25, 27.

5.    The Scheduling Conference. As to paragraph 62, a scheduling conference does not require more than a cursory inquiry into the parties' thoughts about pre-trial deadlines. The Court asked Mr. Byrnes how long he needed for discovery and acceded to his request for a six-month discovery period. Nothing about the scheduling conference or order prejudiced Mr. Byrnes in any way.

6.    The Court's Scheduling Order. The arguments raised in paragraphs 63-64 and 66-67 are baseless. The Court entered a scheduling order on March 12, 2021. The scheduling order has deadlines for expert reports, exchanging drafts of a pretrial order, and for filing dispositive motions. Mr. Byrnes' assertion that there is no scheduling order is wrong. With respect to Defendant's motion to dismiss, the Court's local rules set the briefing schedule. *See* NM LBR 7007-1. The Court set a hearing on the motion.[9] Finally, the pre-trial order will have deadlines for exchanging witness and exhibit lists and proposed exhibits. There is a form pre-trial order on the Court's website, which is available to Mr. Byrnes.

7.    Discovery. In paragraph 65 Mr. Byrnes complains that he does not know what his "discovery rights" are because Defendant only answered count one of the amended complaint.

---

[9] Shortly after the hearing was set, Mr. Byrnes filed a motion to stay or continue the hearing.

This complaint is wide of the mark. As there is no discovery stay in place, Mr. Byrnes' "discovery rights" are the same as if Defendant had answered count two. Mr. Byrnes also complains that Defendant's discovery obligations are "undefined." Again, that is not accurate. First, Defendant must respond to Mr. Byrnes' valid discovery requests. Second, Rule 26(a) does not apply in this consolidated adversary proceeding. *See* NM LBR 7026-1(a). Thus, Defendant's discovery obligations are well defined.

8. <u>Mediation</u>. Paragraph 68 is unfounded. The parties are free to pursue settlement negotiations or to seek a mediation order from the Court. The Court does not require mediation in every proceeding, particularly when one party opposes mediation. The Court does not know whether Defendant thinks mediation might be productive.

<u>Conclusion</u>

Mr. Byrnes' motion to disqualify is weak and baseless, lacking any evidence of bias or prejudice. It appears to be an attempt at judge/forum shopping. The motion will be denied by separate order.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: May 21, 2021
Copies to: counsel of record

Barry J. Byrnes
1857 Paisano Rd.
Las Cruces, N.M. 88005