UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

SLYVIA MARIE BYRNES,                                                    No. 20-12086-t7

    Debtor.

BARRY J. BYRNES,

    Plaintiff,

v.                                                                                      Adv. No. 20-1070-t
                                                                                       (consolidated)

SYLVIA MARIE BYRNES,

    Defendant.

## **OPINION**

    Before the Court is Plaintiff Barry Byrnes' motion to stay or continue a hearing recently set on defendant's motion to dismiss count two of this adversary proceeding. Having reviewed the motion, the record, and the relevant case law, the Court concludes that the motion should be denied.

A.     Findings.

    For the limited purpose of ruling on the Motion, the Court finds:[1]

    Barry Byrnes, the pro se[2] plaintiff in this consolidated adversary proceeding, is Debtor's estranged husband. Debtor filed this chapter 7 bankruptcy case on October 30, 2020. On the petition date, Debtor was a named defendant in a state court action filed by Mr. Byrnes, pending

---

[1] The Court takes judicial notice of its docket. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (a court may sua sponte take judicial notice of its docket).

[2] Mr. Byrnes used to be licensed to practice law in New Mexico. He currently is on inactive status.

in the Third Judicial District Court, State of New Mexico, No. D-307-CV-2019-00916. Mr. Byrnes demanded a jury trial in that action.

On November 18, 2020, Mr. Byrnes commenced two adversary proceedings in this case: a proceeding to determine that any judgment he obtained from his state law claims would be nondischargeable, and a notice of removal by which Mr. Byrnes sought to remove the state court action to this Court.

Mr. Byrnes' notice of removal cited 28 U.S.C. § 1452, which allows removal to bankruptcy court of most actions that are pending when a bankruptcy case was filed. However, the notice neither cited nor complied with Fed. R. Bankr. P.[3] 9027, which sets out procedures to remove an action to bankruptcy court. Bankruptcy Rule 9027(a) provides that a notice of removal must:

> Contain a short and plain statement of the facts which entitle the party filing the notice to remove, contain a statement that upon removal of the claim or cause of action, the party filing the notice does or does not consent to entry of final orders or judgment by the bankruptcy court, and be accompanied by a copy of all process and pleadings.

Mr. Byrnes' notice of removal did not comply with the rule because, inter alia, the notice did not address consent to bankruptcy court jurisdiction, nor did it attach copies of all process and pleadings.

On December 7, 2020, the Court held a scheduling conference in the removed proceeding. The Court reviewed the notice of removal and remarked on its deficiencies. Mr. Byrnes adamantly disagreed. The Court continued the scheduling conference so Mr. Byrnes could fix the defects in the notice.

On December 21, 2020, Defendant filed a motion to dismiss the nondischargeability proceeding, arguing that it was largely duplicative of the removed state court action. The motion

---

[3] A "Bankruptcy Rule." Similarly, the Federal Rules of Civil Procedure are referred to as "Rules."

also noted that "[w]hile the state court action was not properly removed, Defendant does not oppose that matter being removed to this Court."

The Court held a scheduling conference in both adversary proceedings on January 11, 2021. Defendant appeared through counsel; Mr. Byrnes appeared pro se. Although the Court told Mr. Byrnes at the first scheduling conference that his notice of removal was deficient, Mr. Byrnes took no corrective action. Instead, he continued to assert that the removal was proper. To facilitate his understanding of the matter,[4] the Court read the relevant portion of Bankruptcy Rule 9027(a) aloud and explained to Mr. Byrnes how his notice of removal was inadequate. Unfazed, Mr. Byrnes accused the Court and Defendant's counsel of playing "procedural games" with him.

After consulting the parties, the Court determined that the two adversary proceedings should be consolidated and that Mr. Byrnes should file an amended complaint combining any state law claims he wanted to pursue with any nondischargeability claims. This ruling eliminated the removal defect issue and rendered Defendant's motion to dismiss moot. On January 15, 2021, the Court entered an order consolidating the adversary proceedings and setting a deadline for Mr. Byrnes to file an amended complaint. A scheduling conference in the consolidated proceeding was set for March 8, 2021. On January 22, 2021, the court entered an order denying Defendant's motion to dismiss.

After filing a motion for default judgment and a motion for relief from the Court's January 15, 2021, order, both of which were denied,[5] Mr. Byrnes filed his amended complaint on February 10, 2021. The amended complaint contains two counts. In count one, which incorporates by

---

[4] Although he is a retired attorney, Mr. Byrnes was apparently unfamiliar with bankruptcy procedure. Mr. Byrnes was an attorney of record in 35 bankruptcies between 1997 and 2003. His experience should have enabled him to comply with the Bankruptcy Rules.

[5] Plaintiff appealed both orders. The Tenth Circuit Bankruptcy Appellate Panel dismissed both appeals as interlocutory and denied Plaintiff's request for leave to appeal.

reference a "civil complaint--supplemental pleading" filed in the state court action, Mr. Byrnes asserts claims for defamation and intentional infliction of emotional distress and asks that any judgment thereon be declared nondischargeable. In count two, Mr. Byrnes seeks an order requiring Debtor "to pay and continue to pay her share of contract and/or domestic support obligations" and alleges numerous theories under which such obligations would be nondischargeable.

On March 3, 2021, Defendant answered count one of the complaint and filed a motion to dismiss count two. The motion to dismiss is pending.

Defendant's counsel and Mr. Byrnes appeared telephonically at the March 8, 2021, scheduling conference. The Court granted Mr. Byrnes' request for a six-month discovery period, over the objection of Defendant's counsel. After the hearing, the Court entered an order setting pretrial deadlines.

On March 24, 2021, Plaintiff filed a motion to transfer the adversary proceeding to the United States District Court for the District of New Mexico. Because the Court had no authority to do that, the motion was denied. On the same day, Mr. Byrnes filed a form indicating that he did not consent to the Court trying the adversary proceeding.

On March 31, 2021, Plaintiff filed in the district court a motion to withdraw the reference. The motion, which was assigned to the Hon. Martha Vasquez and the Hon. Jerry Ritter, is pending. Plaintiff has not asked for a stay of proceedings while the district court considers the motion.

On April 15, 2021, Mr. Byrnes filed a supplemental jury demand.

On May 13, 2021, the Court set a hearing on Defendant's motion to dismiss count two of Plaintiff's complaint for June 3, 2021. On May 19, 2021, Plaintiff filed the motion to stay and/or continue the hearing until the district court rules on the motion to withdraw the reference.

B.    This is a § 523(a) Nondischargeability Proceeding.

The two counts brought by Mr. Byrnes in this proceeding are distinct: the first relates to an unpleasant family dispute in July 2018, while the second deals with the parties' marital rights and obligations relating to their assets and liabilities. The crux of both, however, is Mr. Brynes' request for a judgment that Defendant's obligations to him are nondischargeable under § 523(a).[6] Nondischargeability proceedings are "core" proceedings. 28 U.S.C. § 157(b)(2)(I).

C.  There is No Stay of the Adversary Proceeding.

Fed. R. Bankr. P. 5011(c) provides:

> The filing of a motion for withdrawal of a case or proceeding or for abstention pursuant to 28 U.S.C. § 1334(c) shall not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion. A motion for a stay ordinarily shall be presented first to the bankruptcy judge. A motion for a stay or relief from a stay filed in the district court shall state why it has not been presented to or obtained from the bankruptcy judge. Relief granted by the district judge shall be on such terms and conditions as the judge deems proper.

Mr. Byrnes has not sought a stay of the proceeding pending the outcome of his motion to withdraw the reference. In the absence of a stay, the Court's duty is to get the proceeding ready for trial. It would not be appropriate for the Court to put the proceeding "on ice" until the district court rules on the motion to withdraw the reference.

D.  The District Court is Not Likely to Withdraw the Reference.

Plaintiff's only colorable argument that the reference should be withdrawn is that he has a right to a jury trial of his defamation and intentional infliction of emotional distress claims. As bankruptcy courts can only conduct jury trials if the parties consent, 28 U.S.C. § 157(e), and as Mr. Byrnes has not consented, he argues that the reference must be withdrawn so the district court can conduct the trial.

---

[6] Where not otherwise indicated, statutory references are to 11 U.S.C.

Although the decision is not the Court's to make, it appears Mr. Byrnes' premise probably is faulty, i.e., he does not have a right to a jury trial of this proceeding. In *In re Varney,* 81 F.3d 152 (4th Cir. 1996) (unpublished), for example, the Fourth Circuit held:

> The consensus in the courts which have addressed this issue is that there is no constitutional right to a jury trial on the issue of dischargeability. *Billing v. Ravin, Greenberg & Zackin, P.A.,* 22 F.3d. 1242 (3d Cir.), *cert. denied,* —— U.S. # 6D 6D6D#, 63 U.S.L.W. 3381 (U.S. Nov. 14, 1994) (No. 94–315); *In re Maurice,* 21 F.3d 767, 773 (7th Cir.1994) (11 U.S.C.A. §§ 523(a)(2)(A) & (a)(6) (West 1993)); *In re McLaren,* 3 F.3d 958, 960 (6th Cir.1993); *In re Hallahan,* 936 F.2d 1496, 1505–06 (7th Cir.1991) (11 U.S.C. § 523(a)(6) (1988)); *In re Hooper,* 112 B.R. 1009, 1012 (Bankr. 9th Cir. 1990).
> We agree with these decisions that a proceeding by a creditor to determine dischargeability is equitable in nature and that a debtor who filed a voluntary bankruptcy petition has no right to a jury trial in such a proceeding. *See Hallahan,* 936 F.2d at 1505–06. We therefore affirm the district court order affirming the bankruptcy court's denial of Cecil Varney's request for a jury trial on the issue of dischargeability of his debt to Angela.

81 F.3d 152 at *2. Similarly, in *In re Hallahan*, 936 F.2d 1496 (7th Cir. 1991), the Seventh Circuit held:

> Applying the Supreme Court's teachings to this case, we conclude that Hallahan had no Seventh Amendment right to a jury trial on his dischargeability claim. Two independent lines of reasoning support this conclusion. First, application of the two-part test set forth in *Granfinanciera* reveals that a dischargeability proceeding is a type of equitable claim for which a party cannot obtain a jury trial. Dischargeability proceedings, like actions to recover preferential or fraudulent transfers, are core proceedings. *See* 28 U.S.C. § 157(b)(2)(I) and (J) (1988). However, dischargeability proceedings are unlike actions to recover preferential transfers in that historically they have been equitable actions tried without juries:
>> [A] bankruptcy discharge and questions concerning the dischargeability of certain debts, involve issues with an equitable history and for which there was no entitlement to a jury trial in the courts of England prior to the merger of law and equity.
>
> *In re Hooper,* 112 B.R. 1009, 1012 (Bankr. 9th Cir. 1990); *In re Johnson,* 110 B.R. 433, 434 (Bankr. W.D. Mo. 1990); *In re Brown,* 103 B.R. 734 (Bankr. [ ].D. Md. 1989), *see also* Countryman, *The New Dischargeability Law,* 45 Am. Bankr. L.J. 1, 36–39 (1971). The relief sought is also equitable since the essence of a dischargeability claim is a declaration that the debt is indeed dischargeable or non-dischargeable. *Hooper,* 112 B.R. at 1012.

936 F.2d at 1505. For additional authority that parties are not entitled to a jury trial for a nondischargeability proceeding, *see Smith-Scott v. U.S. Trustee*, 2018 WL 572866, at *5 (D. Md.); *U.S. v. Stanley*, 595 Fed. App'x. 314, 320-21 (5th Cir. 2014); *In re Hashemi*, 104 F.3d 1122, 1124 (9th Cir. 1997); *In re White,* 222 B.R. 831, 834–35 (Bankr. W.D. Tenn. 1998); *In re Tanner,* 1997 WL 578746, at *4 (Bankr. N.D. Ill.); *In re Hutchins,* 211 B.R. 322, 324 (Bankr. E.D. Ark. 1997); *In re Ward,* 184 B.R. 253, 256 (Bankr. D.S.C. 1995); *In re Fineberg,* 170 B.R. 276, 280–81 (E.D. Pa. 1994); *In re Hawkins*, 213 B.R. 222, 236 (D.N.J. 1999); *In re Grabis*, 2020 WL 7346467, at *18 (Bankr. S.D.N.Y.) (collecting cases).

Mr. Byrnes may argue that he is entitled to a jury trial because he combined his § 523(a) claims with legal claims for defamation and intentional infliction of emotional distress. In the Court's view, the argument fails. In *In re Fink*, 294 B.R. 657 (W.D.N.C. 2003), for example, the district court held:

> [T]he Court is unpersuaded by Plaintiff's argument that it has brought a fraud action seeking money damages, and thus that its cause of action is legal, rather than equitable, in nature. As at least one other court has noted, "the fact that the plaintiff[ has] asked for monetary damages does not change the equitable nature of this proceeding." *Berryman,* 84 B.R. at 180 (also noting, "[t]here is no such thing as a 'fraud action' in bankruptcy court when it is coupled with a nondischargeability claim."). Plaintiff's fraud claim is asserted as a nondischargeability claim over which the bankruptcy court exercises equitable jurisdiction. Of course, a court sitting in equity may always grant monetary relief where appropriate, so the fact that Plaintiff seeks money damages does not affect the Court's analysis. *Id.*
> Further, the Court also recognizes that some courts have concluded that a creditor is entitled to a bifurcation of the dischargeability and liability issues. *E.g., In re Weinstein,* 237 B.R. 567, 573 (Bankr. E.D.N.Y. 1999). Such courts have concluded that the creditor is entitled to a jury trial on the issue of liability and damages, but not entitled to a jury trial on the dischargeability issue. The Court finds these cases unpersuasive because they advocate an administratively inefficient solution. Considering that the main function of the bankruptcy court is to expediently resolve any issues impeding the administration of the estate, bifurcation of the liability and dischargeability issues would only serve to hinder and delay the furtherance of the bankruptcy court's ultimate aim.
> Thus, the Court concludes that Plaintiff MC Contractors is not entitled to a jury trial in this case, and the Court shall deny its Motion for Withdrawal of Reference.

294 B.R. at 660; *see also In re Berryman*, 84 B.R.175, 180 (Bankr. D. Ariz. 1988) ("The fact that the plaintiffs have asked for monetary damages does not change the equitable nature of this proceeding."); *In re Duffy*, 317 B.R. 49, 51 (Bankr. D.R.I. 2004); *In re Dambowsky*, 526 B.R. 590, 608 (Bankr. M.D.N.C. 2015) (plaintiffs' claims are being determined in a non-dischargeability action, an equitable proceeding, which means that plaintiff has no right to a jury trial).

There is a minority view. In *In re Henderson*, 423 B.R. 598 (Bankr. N.D.N.Y. 2010), for example, the court stated in dicta:

> "Dischargeability actions are historically equitable in nature and tried without juries." *Coke Chevrolet Co. v. Cummins,* 1992 WL 21979[9], *1, 1992 Bankr. LEXIS 1352, at *2 (Bankr. W.D. Ark. May 12, 1992). A proceeding which addresses solely the issue of dischargeability, without reaching questions of liability and amount, does not give rise to an entitlement to a jury trial. *Id.,* 1992 WL 21979[9], *1, 1992 Bankr. LEXIS 1352, at *7–8. If the plaintiff seeks an adjudication of liability and damages, however, predicated upon a common law action for fraud, plaintiff may be entitled to a jury trial on those issues.

423 B.R. at 626 n.17 (citing *Boudle v. The CMI Network, Inc.,* 2007 WL 3306962, *4 (E.D.N.Y.)).

The Court does not find the minority view persuasive, for several reasons. First, it would be cumbersome to sever trial of the liability and amount of a debt from the determination of its dischargeability. The result would be a significant delay in estate administration, significant additional expense for the parties, and duplication of judicial effort.

Second, if a creditor files a proof of claim, he subjects himself to the bankruptcy court's equitable jurisdiction. In *Langenkamp v. Culp,* 498 U.S. 42, 44 (1990), the Supreme Court held:

> In *Granfinanciera* we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of "allowance and disallowance of claims," thereby subjecting himself to the bankruptcy court's equitable power. 492 U.S., at 58–59, and n. 14, 109 S. Ct., at 2799–2800, and n. 14 (citing *Katchen, supra,* 382 U.S., at 336, 86 S. Ct., at 476). If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity. *Ibid.*

Similarly, a creditor subjects himself to the bankruptcy court's equitable power if he combines a request for a nondischargeability judgment, which is indisputably an equitable proceeding, with a request to determine the amount of his debt.

Finally, § 523(a) deals with the dischargeability of debts, not judgments. *See* Bankruptcy Rule 4007(a) ("A debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt."). A debt is liability on a claim, § 101(12), which includes a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." § 101(5)(A). Because § 523(a) involves the dischargeability of even disputed, unliquidated debts, a dischargeability proceeding often includes a determination of liability and amount as well as dischargeability. *See, e.g., In re Crespin*, 551 B.R. 886, 898 (Bankr. D.N.M. 2016) (to prevail in a nondischargeability proceeding, plaintiff must prove that she has a valid claim against the debtor and that the debt is nondischargeable); *In re Giron*, 610 B.R. 670, 674 (Bankr. D.N.M. 2019) (citing *Crespin*). Determining the validity and amount of a debt is a common part of dischargeability proceedings, and does not change their equitable nature. A debt's liability, amount, and dischargeability often are intertwined. Because of that, historically those issues have been addressed in a single action, i.e., a nondischargeability proceeding.

E.  **Even if the District Court Disagrees with The Court's Analysis, it Likely Would Not Withdraw the Reference Until the Proceeding was Ready for Trial.**

In adversary proceedings that must be tried by the district court (e.g., personal injury claims, *see* 28 U.S.C. § 157), the common practice is for the bankruptcy court to prepare the proceeding for trial before the district court withdraws the reference. *See, e.g., Clark v. Sanders (In re Reserve Production, Inc.)*, 98 F.3d 1337, at *1 (5th Cir. 1996) (unpublished) (the district

-9-
Case 20-01070-t    Doc 63    Filed 05/27/21    Entered 05/27/21 13:47:05 Page 9 of 11

court granted the motion to withdraw the reference for the purposes of jury selection and jury trial, but kept the reference intact for all pretrial matters); *Mastro v. Rigby,* 764 F.3d 1090 (9th Cir. 2014) (district court denied plaintiff's motion to withdraw the reference as premature, concluding that the bankruptcy court was "manifestly more experienced" at overseeing the pretrial preparation of adversary proceedings); *Wagner v. Drexman (In re Vaughan Co.),* 2015 WL 1366987, at *8 (D.N.M.) (district court declined to withdraw the reference until the bankruptcy court had completed all pretrial matters and the proceeding was ready for jury trial); *In re XP Ent., LLC*, 2012 WL1596946, at *1 (D. Colo.); *In re Richardson*, 2012 WL 5458860, at *2 (D. Colo.). Handling pretrial matters includes ruling on dispositive motions. *In re Universal Health Care Group, Inc.*, 2017 WL 2179581, at *3 (M.D. Fla.) ("Thus, the Bankruptcy Court will handle all pretrial matters, including dispositive motions"); *In re Gunnallen Fin., Inc.*, 2011 WL 398054, at *4 (M.D. Fla.) (same); *ROI Properties LLC v. Gray Phoenix Desert Ridge I LLC*, 2019 WL 935745, at *2 (D. Ariz.) (same).

## Conclusion

Ruling on Defendant's Rule 12(b)(6) motion is pre-trial work this Court should do, whether or not the district court decides to withdraw the reference for trial. As that seems unlikely, given the large body of case law holding that parties are not entitled to a jury trial of nondischargeability proceedings, the Court concludes that Mr. Byrnes' motion to continue the hearing on Defendant's Rule 12(b)(6) motion is not well taken and should be denied. A separate order will be entered.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: May 27, 2021

Copies to: Counsel of record

Barry J. Byrnes
1857 Paisano Rd.
Las Cruces, N.M. 88005