UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

SLYVIA MARIE BYRNES,                                    No. 20-12086-t7

      Debtor.

BARRY J. BYRNES,

      Plaintiff,

v.                                                      Adv. No. 20-1070-t
                                                        (consolidated)

SYLVIA MARIE BYRNES,

      Defendant.

## **OPINION**

Before the Court is the defendant's motion to dismiss count two of plaintiff's amended complaint for failure to state a claim. The count has to do with a "reverse mortgage" loan the parties took out a number of years ago on their house. To avoid default, the parties must pay property taxes, insurance, maintenance costs, etc. This they did for a number of years, but defendant moved out of the house in February 2020 and stopped paying any of the reverse mortgage expenses. Plaintiff now lives alone in the house and is paying all the expenses. In count two he contends that defendant's refusal to pay any expenses is actionable, and that the resulting debt is nondischargeable. Having considered the parties' arguments and the relevant law, the Court concludes that count two fails to state a claim upon which relief can be granted.

A.    <u>Facts</u>.[1]

For the purpose of ruling on the motion, the following factual allegations from the amended complaint are accepted as true.

Plaintiff Barry Byrnes, 78, is the estranged husband of defendant Sylvia Byrnes, 77. Mr. Byrnes is retired and lives off of his social security and 401k distributions. Mrs. Byrnes also draws social security but continues to work.

During their marriage the Byrneses bought a house at 1857 Paisano Road, Las Cruces, New Mexico. At some point (it is unclear when), they obtained a "reverse mortgage" loan from a private lender, insured by the United State Department of Housing and Urban Development (HUD).[2] The loan is secured by a Home Equity Conversion Mortgage ("HECM") encumbering their house. While the loan accrues interest, there is no repayment obligation until the last surviving spouse dies, at which point the loan becomes due and payable. In the meantime, to avoid default the Byrneses must pay all real estate taxes and other assessments, property insurance, utilities, and home maintenance costs (together, the "HECM expenses" or "HECM obligations").

In July 2018 the Byrneses had a heated argument. Mrs. Byrnes called the police and reported that Mr. Byrnes had assaulted her and committed domestic abuse. Mr. Byrnes was arrested. Under the terms of his release and a state court order of protection, Mr. Byrnes had to move out of the house until July 2019. Mr. Byrnes moved back in when he was allowed to do so. Mrs. Byrnes moved out of the house in February 2020 and now lives with their son and his family.

---

[1] The Court takes judicial notice of its docket. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (a court may sua sponte take judicial notice of its docket).

[2] *See* 12 U.S.C. § 1715z-20 (governing HUD's insurance of home equity conversion mortgages for elderly homeowners); 24 C.F.R. § 206 (regulations governing the HECM).

Mr. Byrnes lives alone in the house. Although the Byrneses live apart and are estranged, they are not legally separated, nor has either filed for divorce.

Mrs. Byrnes paid her share of the HECM expenses while she lived at the house but stopped paying when she moved out. Since then, Mr. Byrnes has paid all the expenses.[3]

Mrs. Byrnes filed this chapter 7 bankruptcy case on October 30, 2020. Clarke Coll, the chapter 7 trustee, filed a "no asset" report on January 12, 2021. Mrs. Byrnes received a discharge on March 11, 2021, and the bankruptcy case was closed.

On the petition date, Mrs. Byrnes was a defendant in a state court action filed by Mr. Byrnes. Mr. Byrnes removed the action to bankruptcy court on November 18, 2020. He also filed an adversary proceeding seeking a determination that any judgment he obtained in the removed action would be nondischargeable.

The Court consolidated the adversary proceedings and Mr. Byrnes filed an amended complaint that combined his claims against Mrs. Byrnes with his nondischargeability claims. The amended complaint contains two counts. In count one, Mr. Byrnes asserts claims for defamation and intentional infliction of emotional distress, related to the 2018 argument and Mrs. Byrnes' report of assault and domestic abuse. Mr. Byrnes asks that any judgment on the claim be declared nondischargeable.

Count two deals with Mrs. Byrnes' alleged obligation to pay "her share" of HECM expenses and whether that obligation is nondischargeable. Mr. Byrnes alleges that when Mrs. Byrnes voluntarily moved from the marital residence in early 2020, she "openly and unequivocally repudiated" her responsibility for future HECM expenses and refuses to pay them. Mr. Byrnes

---

[3]These expenses include pest control, utilities, maintenance costs for a domestic well, and trash removal, real estate taxes, property insurance, home maintenance expenses, and farmland assessments. Since Debtor moved out, Mr. Byrnes has paid more than $6,000 for these expenses.

Case 20-01070-t    Doc 72    Filed 07/02/21    Entered 07/02/21 08:51:10 Page 3 of 12

alleges that he will not be able to pay all HECM expenses indefinitely. He alleges that without Mrs. Byrnes' contribution, he likely will default under the HECM, eventually losing the house. Mr. Byrnes does not allege that there is any equity in the house.[4]

Mr. Byrnes alleges that the HECM expenses constitute "contract and/or domestic support obligations" owed by Mrs. Byrnes to him. Mr. Byrnes seeks a money judgment against Mrs. Byrnes to compensate him for his overpayment of past HECM expenses. He also asks for a declaratory judgment that Mrs. Byrnes is obligated to pay "her share" of future HECM expenses. Finally, he asks that the judgment be declared nondischargeable under §§ 523(a)(5), (6), (7), and/or (15).[5]

In the motion to dismiss, Mrs. Byrnes argues that Mr. Byrnes has not stated a claim that her alleged obligation to him for HECM expenses is nondischargeable.[6]

B.      Law Governing a Motion to Dismiss.

Federal Rule of Civil Procedure 8(a)(2)[7] requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A complaint that does not satisfy this standard is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6)[8] for failure to state a claim. In considering a motion to dismiss, the Court considers whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[T]he tenet that a court must

---

[4] Mrs. Byrnes bankruptcy schedules disclose a house value of $300,000 and a reverse mortgage balance of $662,000.

[5] Unless otherwise indicated all statutory references are to 11 U.S.C.

[6] There is no dispute that, if count two fails to state a claim for nondischargeability, then it must be dismissed. *See, e.g., In re Archdiocese of Santa Fe*, 627 B.R. 916, 921-22 (Bankr. D.N.M. 2021) (the automatic stay prevents the assertion of prepetition claims against a debtor, even if brought in the bankruptcy court).

[7] Applicable this adversary proceeding pursuant to Fed. R. Bankr. P. 7008.

[8] Applicable to this adversary proceeding pursuant to Fed. R. Bankr. P. 7012(b).

-4-

accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" couched as assertions of fact. *Id.* The factual allegations cannot be conclusory. *Iqbal*, 556 U.S. at 687 ("The Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (to the same effect); *Wylie v. Zuni Public School District #89*, 2014 WL 12785102, at *4 (D.N.M.) (citing *Iqbal* and *Twombly*, the district court dismissed a claim based on conclusory allegations).

C.    <u>Plaintiff's § 523(a)(5) Claim.</u>

A chapter 7 discharge "does not discharge an individual debtor from any debt . . . for a domestic support obligation." § 523(a)(5). A "domestic support obligation" is:

> a debt that accrues before, on, or after the date of the order for relief in a case under this title . . . that is--
> (A) owed to or recoverable by--
> (i) a spouse, former spouse, or child of the debtor . . . .
> (B) in the nature of alimony, maintenance, or support . . . of such spouse, former spouse, or child of the debtor . . . without regard to whether such debt is expressly so designated;
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of--
> (i) a separation agreement, divorce decree, or property settlement agreement; [or]
> (ii) an order of a court of record . . . .; and
> (D) not assigned to a nongovernmental entity . . . .

§ 101(14A). "In order for a debt to be considered a domestic support obligation, it must meet all four requirements of section 101(14A)." *In re Lopez*, 405 B.R. 382, 384 (Bankr. S.D. Fla. 2009); *In re Taylor*, 737 F.3d 670, 678 (10th Cir. 2013) (same). Among the requirements is that the domestic support obligation must be in a marital or property settlement agreement or court order. § 101(14A)(C).

Mrs. Byrnes points out in her motion that no such agreement or order exists in this case. Mr. Byrnes does not dispute that, but argues that this Court could enter a domestic support order, thereby satisfying § 523(a)(5)(C). His amended complaint asks the Court to do just that with respect to the HECM expenses.

Mr. Byrnes' argument must be overruled. Family law is the province of state courts, not federal courts. Federal courts lack jurisdiction to adjudicate family law matters. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (under the "domestic relations exception" to federal court jurisdiction, federal courts are divested of power to issue divorce and alimony decrees); *see also Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12-13 (2004) ("The whole subject of the domestic relations of husband and wife . . . belongs to the laws of the [s]tates" so it generally is appropriate "for the federal courts to leave delicate issues of domestic relations to the state courts."). This rule applies to bankruptcy courts. *See, e.g., In re Mac Donald*, 755 F.2d 715, 717 (9th Cir. 1985) ("It is appropriate for bankruptcy courts to avoid incursions into family law matters out of consideration of court economy, judicial restraint, and deference to our state court brethren and their established expertise in such matters."); *In re White*, 851 F.2d 170, 173 (6th Cir. 1988) (same); *In re Barnes*, 279 F. App'x 318, 319 (5th Cir. 2008) (unpublished) ("In general, bankruptcy courts owe state courts deference in domestic matters.").

Mr. Byrnes can easily file for divorce in state court and make his arguments about the HECM obligations to the state court judge.[9] He should do so.

Even apart from the domestic relations exception to federal court jurisdiction, it would be irresponsible for the Court to decide the parties' obligations under the HECM. Domestic support

---

[9] The automatic stay does not apply to filing a petition for divorce. *See* § 362(b)(2). Furthermore, the stay has terminated because the case has been closed and the assets abandoned. *See* § 362(c).

obligations should be adjudicated in view of all relevant facts about the parties, not piecemeal. It would be improper for this Court to decide whether Mrs. Byrnes owes Mr. Byrnes a domestic support obligation of paying a portion of HECM expenses, but leave the rest of the marriage dissolution to the state court. One court should do it all and it can't be the bankruptcy court.

If Mr. Byrnes is concerned that the bankruptcy discharge will preclude him from collecting a domestic support obligation from Mrs. Byrnes, he need not be. Any order issued by the state court in a divorce or separation proceeding would be a post-petition debt, unaffected by the discharge. *See, e.g., In re Arleaux*, 229 B.R. 182, 186 (8th Cir. BAP 1999) (former spouse's right to alimony and child support accrued when the divorce decree was entered); *In re Miller*, 246 B.R. 559, 562 (Bankr. E.D. Tenn. 2000) ("Courts have consistently held that a debtor's obligation to a former spouse under a postpetition divorce decree or settlement constitutes a postpetition debt and is not dischargeable under § 727(b)"); *In re Deemer*, 360 B.R. 278, 282 (Bankr. N.D. Iowa 2007) ("Debtor's discharge . . . has no effect on the dissolution court's post-discharge determination of the equities between the parties regarding marital debts."); *In re Albert*, 187 B.R. 697, 703 (Bankr. D. Kan. 1995) ("postpetition payments due to a former spouse . . . are not debts until each payment is due, and [they] are not subject to discharge under § 727(b)").

It should be noted that if Mr. Byrnes obtains a state court order that Mrs. Byrnes' obligation under the HECM is a domestic support obligation, no determination of nondischargeability would be required from this Court. *See* § 523(c)(1). That requirement only applies to § 523(a)(2), (4), and (6) debts.

To summarize: a § 523(a)(5) claim requires a settlement agreement or support order; no such agreement or order exists; this Court lacks jurisdiction to enter such an order and should not do so piecemeal in any event; the discharge would not affect any support order Mr. Byrnes might

obtain from state court; and the nondischargeable nature of such an order or agreement need not be determined by this Court. The § 523(a)(5) claim will be dismissed.

D.      Plaintiff's § 523(a)(6) Claim.

"A discharge under section 727 . . . does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity[.]" Section 523(a)(6). "Non-dischargeability under § 523(a)(6) requires proof of both" willfulness and malice. *In re Cardoza*, 615 B.R. 901, 907 (Bankr. D.N.M. 2020), citing *In re Moore*, 357 F.3d 1125, 1129 (10th Cir. 2004). As the Supreme Court explained in *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998), "[t]he word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury."

In the complaint, Mr. Byrnes alleges that Mrs. Byrnes "openly and unequivocally repudiated her responsibility" to pay her share of HECM expenses; "refused to contribute" to those expenses, and "continues to refuse to pay anything towards" the expenses. He then states, in conclusory fashion, that "[a] judgment is also exempted from discharge because the debtor is willfully and maliciously trying to injure Plaintiff by refusing to pay domestic support obligations. 11 USC 523(a)(6)."

Mr. Byrnes' allegations may state a claim for breach of an implied contract or contribution. They do not, however, state a claim for willful and malicious injury. Disregarding the improper, conclusory allegation about "willfully and maliciously trying to injure Plaintiff," *Iqbal*, 556 U.S. at 687; *Twombly*, 550 U.S. at 557, the remaining allegations do not state a § 523(a)(6) claim. Mr. Byrnes does not allege that Mrs. Byrnes repudiated her HECM obligations for the purpose of

injuring him, nor that she did so maliciously.[10] These are essential elements of the claim. *See, e.g.,* *In re Santry*, 481 B.R. 824, 830 (Bankr. N.D. Ga. 2012) (the debtor's "subjective state of mind and whether [the debtor] intended to actually injure [the p]laintiff is of primary importance" under § 523(a)(6)). Even assuming Mrs. Byrnes is obligated to Mr. Byrnes for HECM expenses (not a foregone conclusion), without an intent to cause him financial harm, her "mere failure to pay [the] obligation" would not be a "willful and malicious injury" under § 523(a)(6). *See, e.g., In re Marcella*, 463 B.R. 212, 220 (Bankr. D. Conn. 2011) (mere failure to pay an obligation cannot be a willful and malicious injury in and of itself); *In re Lanum*, 572 B.R. 917, 923 (Bankr. S.D. Iowa 2017) (same, quoting *Marcella*). Mr. Byrnes' § 523(a)(6) claim must be dismissed.[11]

E.    Plaintiff's § 523(a)(7) Claim.

"A discharge under section 727 of this title does not discharge an individual debtor from any debt . . . for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss . . . ." Section 523(a)(7). For a debt to be nondischargeable under § 523(a)(7), it must: (1) [a]rise as a punishment or sanction for some type of wrongdoing by the debtor and not merely be an enhanced monetary remedy for what is essentially a breach of contract, (2) not be compensation for actual pecuniary loss, (3) be payable to a governmental unit, and (4) be for the benefit of a governmental unit. 4 Collier on Bankruptcy, ¶ 523.13[3]. Mr. Byrnes' argument that his claim against Mrs. Byrnes is nondischargeable under

---

[10] One explanation for Mrs. Byrnes' decision to stop paying HECM expenses is that she perceived no benefit for doing so. If that is the reasons, there is nothing willful or malicious about that. As Mr. Byrnes does not allege that there is equity in the house, the only value of the house is as a place to live. The parties do not want to live together. Whoever lives in the house, it is unlikely a state court would order the other spouse to pay half the HECM expenses. A reasonable course of action would be to require the person living in the house. If neither spouse is willing to pay all HECM expenses in exchange for the right to live in the house, then the house should be abandoned.

[11] This ruling has no effect on Mr. Byrnes' right to pursue the § 523(a)(6) claim in Count One.

§ 523(a)(7) is very weak. The alleged debt is owed to Mr. Byrnes, not to a governmental unit. Because of that, § 523(a)(7) does not apply. Furthermore, the reverse mortgage loan obligation is not a "fine, penalty, or forfeiture." Governmental units hold lots of mortgages. The debts secured by those mortgages do not come within § 523(a)(7). Finally, Mr. Byrnes lacks standing to assert that any debt owed to a governmental unit by Mrs. Byrnes is nondischargeable. The § 523(a)(7) claim will be dismissed.

F.      Plaintiff's § 523(a)(15) Claim.

A chapter 7 discharge does not discharge a debt:

> to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit[.]

§ 523(a)(15). Mrs. Byrnes argues that the HECM expenses were not incurred "in the course of divorce or separation," but before their marital troubles began. She also points out that the alleged debt is not the result of any separation agreement or court order.

Mr. Byrnes responds that his claim arose when he and Mrs. Byrnes were in the "course of separation," so § 523(a)(15) applies. His argument lacks merit for a number of reasons. First, § 523(a)(15) is limited to proceedings for divorce or legal separation. It is not enough just to move out. *See, e.g., In re Taylor,* 737 F.3d 670, 681 (10th Cir 2013) ("when Congress originally enacted § 523(a)(15), it was concerned with the dependent spouse who, as part of the divorce agreement, negotiated a lower support payment in exchange for the nondependent spouse shouldering more of the marital debt"); *In re Fellner*, 256 B.R. 898, 902 (8th Cir. BAP 2001) ("Section 523(a)(15) excepts from discharge . . . debts arising out of *marital dissolution proceedings*" (emphasis added)); *In re Moeder*, 220 B.R. 52, 54 (8th Cir. BAP 1998) (same); *In re McKinnis*, 287 B.R.

245, 257 (Bankr. E.D. Mo. 2002) ("The [p]laintiff has the burden of proof in establishing that the debt at issue is one that arises in the course of a divorce or in connection with a separation agreement and decree."). Mr. Byrnes does not allege in the amended complaint that there is a pending divorce or separation action.[12] The current proceeding, the only one pending between the parties, is not a divorce or separation proceeding.

Second, there is no question that the HECM was signed long before Mrs. Byrnes moved out, and thus was not incurred in the course of any separation or divorce. *See. e.g., In re Yelverton*, 2012 WL 4434087, at *10 (Bankr. D.D.C.) (business arrangements between spouses do not come within 5213(a)(15) if they were entered into before the divorce and are not addressed in a property settlement agreement of court order); *see also In re Hosterman*, 2007 WL 2973592, at *3 (Bankr. N.D. Okla.) ("[t]he focus . . . is the nature of the debt," i.e., whether it was made "*in connection with the [d]ivorce decree*" (emphasis added)); *see generally In re Shepard*, 2008 WL 5157898, at *2 (Bankr. D.N.M.) ("Despite any previous obligations or arrangements, the Marital Settlement Agreement created new rights to payment that were independent of the debtor's preexisting liability . . . [and] therefore "falls squarely within the exception to discharge set forth in § 523(a)(15)."); *In re Gibson*, 219 B.R. 195, 204-05 (6th Cir. BAP 1998) (a debt is incurred within the meaning of § 523(a)(15) when the domestic relations court issues its decree).

Third, the allegation in the complaint is that "A judgment obtained against the debtor on Count Two also represents a debt or a contract obligation owed to a spouse and exempt from discharge by 11 USC Section 523 (a) 15." Thus, the complaint focuses on the judgment Mr. Byrnes

---

[12] In New Mexico, a spouse "may institute proceedings in the district court for a division of property, disposition of children or alimony, without asking for or obtaining in the proceedings, a dissolution of marriage." N.M.S.A. § 40-4-3; *see also Gilmore v. Gilmore*, 106 N.M. 788, 791-92 (Ct. App. 1988) (New Mexico recognizes court-sanctioned separations).

asks the Court to enter, not the underlying HECM obligation. For the reasons stated above, the Court lacks jurisdiction to enter "family law" judgments like the one Mr. Byrnes requests.

If Mr. Byrnes wants a court order on Mrs. Byrnes' obligations under the HECM that might qualify under § 523(a)(15), then he must file a petition for divorce or separation in state court and seek such an order from the state court judge. Mr. Byrnes' § 523(a)(15) claim fails.

Conclusion

Mrs. Byrnes' motion to dismiss Count Two of the complaint is well taken and will be granted by a separate order.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered:  July 2, 2021
Copies to: counsel of record

Barry J. Byrnes
1857 Paisano Rd.
Las Cruces, N.M. 88005