UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

SLYVIA MARIE BYRNES,                                            No. 20-12086-t7

      Debtor.

BARRY J. BYRNES,

      Plaintiff,

v.                                                               Adv. No. 20-1070-t
                                                                (consolidated)

SYLVIA MARIE BYRNES,

      Defendant.

## **OPINION**

      Before the Court is Plaintiff's motion to reconsider a protective order the Court entered on July 20, 2021. The motion was filed two days after the protective order was entered. Defendant has not responded to the motion, but the Court has elected to enter this opinion now, in the hope that Defendant will be spared the attorney fees required to draft a response. Having considered the docket, the substance of the motion, and the relevant law, the Court concludes that the motion should be denied. In addition, the Court feels it necessary at this point to caution Plaintiff about vexatious litigation and inappropriate courtroom behavior.

A.     <u>Facts</u>.[1]

      The Court finds:

---

[1] The Court takes judicial notice of its docket. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (a court may sua sponte take judicial notice of its docket).

The history of this case is well documented in the Court's numerous orders and opinions and will not be recited herein.

On July 14, 2021, Defendant filed a motion for protective order and for sanctions. The motion was time sensitive, as one of the depositions at issue was scheduled for July 21, 2021. The Court set a hearing on the motion on July 19, 2021. Plaintiff filed a response to the motion on July 19, 2021,[2] and attended the hearing, arguing against the motion. On July 20, 2021, the Court entered a Protective and Sanctions Order (the "Protective Order"), in which, inter alia, the Court granted Defendant the requested relief and awarded her $1,760.08 in attorney fees and costs pursuant to Fed. R. Bankr. P.[3] 7037 and Fed. R. Civ. P.[4] 37(a)(5).

In his motion to reconsider, Plaintiff seeks the following relief from the Protective Order:

1. "Plaintiff requests the court make specific legal and factual findings regarding all contested matters. Plaintiff is not waiving any of his jurisdictional objections;"

2. "Plaintiff requests that the court reconsider the matter and reverse its decision to grant the Defendant a protective order;"

3. "The motion also should be denied because Plaintiff agreed to adjourn the Defendant's deposition. The court should set new dates for the deposition of the Defendant and the non-party witness if it really believes that Attorney Pickett cannot attend the deposition on the scheduled dates because of prior legal engagements;" and

4. "Plaintiff objects to an award of attorney fees because attorneys fees are not recoverable under Rule 37(a)(5)(A) in this situation."

B.  Motions to Reconsider.

The Protective Order is not a final order. *See, e.g., S.E.C. v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1270 (10th Cir. 2010):

---

[2] Plaintiff also filed a supplemental response on July 21, 2021.
[3] Hereafter, "Bankruptcy Rule."
[4] Hereafter, "Rule."

> A decision is 'final' when it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' *Boughton v. Cotter Corp.,* 10 F.3d 746, 748 (10th Cir. 1993) (quotation omitted). Discovery orders entered during the course of litigation ordinarily are not 'final' under this definition. *Id.*

Motions to reconsider interlocutory orders are properly considered under Bankruptcy Rule 7054 and Rule 54(b)(1), the latter of which provides in relevant part,

> [A]ny order or other decision that . . . does not end the action as to any of the claims or parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

*See, e.g., Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991); *Sartori v. Steider & Assocs., P.C.*, 2017 WL 11508063, at *1 (D.N.M.); *Shrewsbury v. Cyprus Kanawha Corp*, 183 F.R.D. 492, 493 (S.D. W. Va. 1998).

"When evaluating whether to reconsider an interlocutory order pursuant to Rule 54(b), courts apply the same legal standard as used for a motion to alter or amend a judgment under Rule 59(e)." *Sartori*, 2017 WL 11508063, at 1, citing *Tomlinson v. Combined Underwriters Life Ins. Co.*, 684 F. Supp. 2d 1296, 1299 (N.D. Okla. 2010); *Sump v. Fingerhut, Inc.*, 208 F.R.D. 324, 326–27 (D. Kan. 2002).

> Under Rule 59(e), a motion to reconsider is warranted in the event of '(1) an intervening change in controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is also "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* However, a motion to reconsider 'is not appropriate to revisit issues already addressed or advance arguments that could have been raised in a prior briefing.' *Id.* And '[a] motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed.' *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. Dec. 21, 1994) (table).

*Sartori*, 2017 WL 11508063, at *1. Here, there was no change in controlling law in the two days that elapsed between entry of the protective order and the filing of the motion to reconsider, nor

-3-
Case 20-01070-t    Doc 96    Filed 07/29/21    Entered 07/29/21 16:32:52 Page 3 of 10

any new evidence. Thus, for Plaintiff to be granted relief he must show "clear error or manifest injustice."

C.        <u>Plaintiff's Request for Specific Findings and Conclusions</u>.

Plaintiff asks the Court to "make specific legal and factual findings." The Court did so. The Protective Order contains twelve findings of fact and a number of conclusions of law, including legal conclusions related to the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Court's local rules, and the jurisdiction of this Court and the United States District Court for the District of New Mexico. Plaintiff's first request is baseless.

D.        <u>Request to Reconsider the Protective Order</u>.

Plaintiff requests that the Court reconsider its decision to enter the Protective Order. In support of this request, Plaintiff continues to make arguments that are obviously wrong. For example, Plaintiff continues to argue that he does not have to file and serve notices of deposition, despite the clear language of Rule 30(b) and NM LBR 7030-1. Plaintiff continues to assert that this adversary proceeding is now before the District Court rather than this Court. In a related matter, Plaintiff continues to assert that "the district court assumed jurisdiction over the adversary case," an obvious error pointed out to Plaintiff in the Protective Order. Plaintiff continues to argue that he can ask for documents relevant only to a claim that has been dismissed. Plaintiff attempts to re-argue why he proceeded properly with the depositions at issue when it is obvious, as pointed out in detail in the Protective Order, that Plaintiff violated the applicable rules of civil procedure in at least five respects. Plaintiff argues that he was not allowed to examine Mr. Pickett under oath at the hearing on the motion for protective order. In fact, Plaintiff never asked to put on any evidence, let alone call Mr. Pickett as a witness. The Court would have taken evidence at the hearing if any had been proffered. Finally, Plaintiff argues that he was not allowed a meaningful

-4-

Case 20-01070-t    Doc 96    Filed 07/29/21    Entered 07/29/21 16:32:52 Page 4 of 10

opportunity to be heard on any issue. In fact, Plaintiff was allowed to, and did, argue at length at the hearing on the motion for protective order.

In short, Plaintiff's request that the Court reconsider the Protective Order brings nothing new to the dispute and is a waste of time. Plaintiff's arguments in support of the motion to reconsider are a rehash of Plaintiff's arguments at the hearing on the motion for protective order.

E.  Request for the Court to Set New Deposition Dates.

Plaintiff asserts that "[t]he court should set new dates for the deposition of the Defendant and the non-party witness if it really believes that Attorney Pickett cannot attend the deposition on the scheduled dates because of prior legal engagements." First, the Court does not have a belief about Mr. Pickett's schedule. The Court simply found that Mr. Pickett told Plaintiff that he had a scheduling conflict and asked Plaintiff to reschedule the depositions. In a written response, Plaintiff told Mr. Pickett "[y]ou may have to file your motion anyway. Bankruptcy court will not grant discovery time extensions."

Second, courts ordinarily do not set deposition dates. If Plaintiff wishes to depose Defendant or any non-party witness, he is free to do so within the confines of the governing rules of civil procedure, as noted in the Protective Order.

F.  Objection to the Award of Attorney Fees Under Rule 37(a)(5).

Plaintiff has a number of arguments why the Court should not have awarded attorney fees in this matter. First, he argues that the award was under Rule 37(a)(5), which relates to motions to compel production, but Defendant sought a protective order, not an order to compel production. This argument fails. True, Defendant's motion for protective order was filed under Rule 26(c), not Rule 37. However, Rule 26(c)(3) provides that "Rule 37(a)(5) applies to the award of expenses." Rule 37(a)(5) is titled "Payment of Expenses; Protective Orders." Tenth Circuit case law is clear

-5-
Case 20-01070-t    Doc 96    Filed 07/29/21    Entered 07/29/21 16:32:52 Page 5 of 10

that courts must apply Rule 37(a)(5) when ruling on motions for protective orders. *See, e.g., Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 678 (10th Cir. 2012) (equating motions for protective orders with motions to compel for the purposes of Rule 37(a)(5)); *Herrera v. Berkley Reg'l Ins. Co.*, 2021 WL 2914992, at *2 (D.N.M.) (treating motions for protective orders identically to motions to compel, for the purpose of awarding attorney fees); *Driscoll v. Castellanos*, 2020 WL 7711869, at *13 (D.N.M.) (applying Rule 37(a)(5) to a motion for protective order); *Quarrie v. Wells*, 2020 WL 4934280, at *4 (D.N.M.) ("If the Court grants a motion for protective order, the movant must be awarded expenses, including attorney's fees. Fed. R. Civ. P. 26(c)(3); Fed. R. Civ. P. 37(a)(5)").

Second, Plaintiff argues that no fees should have been awarded because "Attorney Pickett is only seeking to adjourn the depositions to another date and time." This argument has no merit whatsoever. The problem Plaintiff should have addressed long ago, but stubbornly refused to address, was that he scheduled depositions improperly, in violation of the discovery rules and without consulting Mr. Pickett. Not surprisingly, the dates and times unilaterally chosen by Plaintiff did not work for Mr. Pickett. When Mr. Pickett informed Plaintiff of that and asked that the depositions be rescheduled, Plaintiff should have rescheduled them and otherwise complied with the discovery rules. Plaintiff refused to do so. Hence the motion for protective order and the award of attorney fees.

Third, Plaintiff argues that the requested fees are excessive. That argument fails. Mr. Pickett's hourly rate ($250) is reasonable. The time spent researching, drafting, editing, and filing the motion also is reasonable. Finally, the time Mr. Pickett charged for arguing the motion is reasonable. Plaintiff could easily have avoided paying the attorney fees by responding to Mr. Pickett's request to reschedule the depositions in good faith and following the rules of civil

procedure. Plaintiff, for whatever reason, elected to be difficult and flout the rules of civil procedure.

G.  The Court's Inherent Authority to Sanction Improper Behavior.

In addition to the requirements of Rules 26(c) and 37(a), the Court has inherent authority to impose sanctions for improper behavior. *See, e.g., Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (the trial court "has discretion to sanction a party . . . for failing to comply with local or federal procedural rules"). Sanctions in the amount of the attorney fees awarded are warranted in this instance

H.  Vexatious Litigation.

The Court is concerned that Plaintiff is bordering on becoming a vexatious litigant. In *In re Cook*, 2012 WL 5408905, at *17 (Bankr. D.N.M.), aff'd, 497 B.R. 167 (B.A.P. 10th Cir. 2013), Judge Starzynski stated:

> When a litigant-even, or perhaps especially, a pro se litigant-'engage[s] in a pattern of litigation activity that is abusive and vexatious,' he exacts significant time and resources from opposing parties, who feel compelled to respond to each baseless allegation in protecting their rights. In many cases, defendants find it less expensive to settle such cases than to respond to a determined litigant's sustained abuse. Courts bear a responsibility in protecting against such vexatious tactics. To that end, they may, inter alia, enjoin additional filing, impose sanctions, or require the payment of opposing parties' expenses.

2012 WL 5408905, at *17, quoting *Garrett v. Trenchless Infrastructure Techs.*, 2010 WL 11530583, at *3 (D.N.M.). Courts have the power to enjoin "litigants who abuse the court system by harassing their opponents." *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (collecting cases); *In re Kristan*, 395 B.R. 500, 511 (1st Cir. BAP 2008) (bankruptcy courts have power under the All Writs Act, 28 U.S.C. § 1651(a), to enjoin vexatious litigation).

> Bankruptcy courts have discretion to issue injunctions or restrictions on further filings if: (1) the litigant receives notice and a chance to be heard before the court enters the order; (2) there is an adequate record of the cases or abusive activities

undertaken by the litigant; (3) the court makes a substantive finding that the claims brought were frivolous or were brought with the intent to harass the parties; and (4) the scope of the injunction is narrowly prescribed to fit the abuse that the court seeks to prevent.

*Kristan*, 395 B.R. at 511, *citing De Long v. Hennessey*, 912 F.2d 1144, 1147–48 (9th Cir.1990). Courts may also impose sanctions on a vexatious litigant or require the payment of opposing parties' expenses. *Garrett*, 2010 WL 11530583, at *3.

Although this case is still in the discovery stage, Plaintiff has filed three appeals of interlocutory orders; numerous motions to reconsider; a motion to stay or continue hearing; two improper motions for default judgment; two jury demands for a core nondischargeability action; a motion to transfer this proceeding to the District Court; a motion to disqualify the presiding judge; and a motion to withdraw the reference.

Plaintiff, a retired lawyer, is pro se. He can litigate at minimal expense. Defendant, on the other hand, is not a lawyer and has retained counsel. She bears the brunt of fees and expenses when Plaintiff churns the proceeding. It is not fair to Defendant to have to pay her lawyer to respond to Plaintiff's overly aggressive litigation tactics. It appears Plaintiff may be overlitigating this proceeding on purpose, with the goal of punishing Defendant (his estranged wife) and/or coercing her into submission.[5]

The Court has a duty to ensure that litigation it presides over is conducted properly and in accordance with all applicable rules of procedure and responsible behavior. *Cook*, 2012 WL

---

[5] Plaintiff's litigation tactics do not make economic sense. Defendant is 79 years old. All of her assets are exempt from creditors. Her monthly social security income is meager ($918). On the petition date she had a job that paid her $2,968 a month, but she stated on October 30, 2020, that she "doesn't believe she will be able to continue working much longer. She expects to no longer be employed in the Spring." The Court does not know if Defendant is still employed, but it seems very unlikely that any creditor thinking solely about maximizing its recovery would count on collecting anything from Defendant.

-8-
Case 20-01070-t    Doc 96    Filed 07/29/21    Entered 07/29/21 16:32:52 Page 8 of 10

5408905, at *17. Discovery must be "proportional to the needs of the case . . . considering . . . the amount in controversy . . . the parties' resources . . . and whether the burden or expense of the proposed discovery outweighs the likely its likely benefit." Rule 26(b)(1). The same concept of proportionality applies to other aspects of pre-trial preparation. Plaintiff is hereby put on notice that the Court will not tolerate vexatious litigation of this adversary proceeding. If the Court finds that Plaintiff is engaged in vexatious litigation, it will take any and all actions needed to curtail it and ensure that the proceeding is litigated properly.

I. Contumacious Conduct.

The Court has held a number of hearings in which Plaintiff has appeared pro se. In some of the hearings Plaintiff has conducted himself appropriately, with the proper decorum required for federal (or any other) court proceedings. On other occasions, however, Plaintiff has been disruptive, rude, and insulting. This apparently is a continuation of improper courtroom behavior Plaintiff exhibited as early as 2001. *See In re Barry J. Byrnes*, 132 N.M. 718 (Ct. App. 2002). To date, the Court has tolerated Plaintiff's inappropriate behavior. No longer. Plaintiff is hereby put on notice that any further disruptive, rude, or insulting behavior will be dealt with by a contempt hearing. If Plaintiff asks to adjourn such hearing so he may retain counsel to defend him, the Court will consider such a request.

Conclusion

Plaintiff's motion to reconsider is not well taken and will be denied by separate order.

Plaintiff is put on notice that no vexatious litigation will be tolerated in this adversary proceeding.

Plaintiff also is put on notice that no further disruptive, rude, or insulting behavior will be tolerated.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: July 29, 2021

Copies to: Counsel of record

Barry J. Byrnes
1857 Paisano Rd.
Las Cruces, N.M. 88005