UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

SLYVIA MARIE BYRNES,                                                 No. 20-12086-t7

     Debtor.

BARRY J. BYRNES,

     Plaintiff,

v.                                                                        Adv. No. 20-1070-t
                                                                                            (consolidated)

SYLVIA MARIE BYRNES,

     Defendant.

## **OPINION**

     Plaintiff's complaint in this nondischargeability proceeding has two counts. Defendant answered count one and filed a motion to dismiss count two for failure to state a claim. On July 2, 2021, after a hearing, the Court granted the motion to dismiss count two. Ten days later, Plaintiff filed a motion for additional findings and related relief (the "Motion"). On the same day, Plaintiff filed a notice of appeal. Having considered the docket, the substance of the Motion, and the relevant law, the Court concludes that the Motion lacks merit and should be denied.

A.     <u>Facts</u>.

     The Court finds:[1]

     The history of this case is well documented in the Court's numerous orders and opinions and will not be recited here at any length.

---

[1] The Court takes judicial notice of its docket. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (a court may sua sponte take judicial notice of its docket).

Plaintiff commenced this proceeding on November 18, 2020. On January 15, 2021, the Court consolidated the proceeding with adv. pro. no. 20-2071 and ordered Plaintiff to file an amended complaint. He did so on February 10, 2021, asserting two counts. In count one, Plaintiff brought claims for defamation and the intentional infliction of emotional distress and asked the Court to declare any damages nondischargeable under 11 U.S.C. § 523(a)(6).[2] In count two, Plaintiff claimed that Defendant was liable to him for half of the expenses under a "reverse mortgage" they took out some years ago. Plaintiff alleged that Defendant's liability, which he characterized as either contractual or in the nature of a domestic support obligation, was nondischargeable under §§ 523(a)(5), (a)(6), (a)(7), and/or (a)(15).

On March 3, 2021, Defendant answered count one of the amended complaint and filed a motion to dismiss count two under Fed. R. Civ. P.[3] 12(b)(6).

Plaintiff filed a lengthy response to the motion to dismiss. His response did not allude to any causes of action other than those pled in count two of the amended complaint, nor did it ask for leave to amend the complaint.

The Court set a hearing on the motion to dismiss for June 3, 2021. Plaintiff appeared at the hearing and argued against the motion at length. During his argument Plaintiff asserted that the facts alleged in the complaint were sufficient to "support" claims against Defendant for breach of fiduciary duty, defalcation, and restitution, none of which had been pled. Plaintiff argued that Defendant's liability to him under the unpled claims would be nondischargeable. He did not, however, seek leave to file an amended complaint to assert those claims.

---

[2] Unless otherwise noted, all statutory references are to 11 U.S.C.
[3] Hereafter, a "Rule."

On July 2, 2021, the Court entered an opinion and an order granting Defendant's motion to dismiss count two (the "Dismissal Order"). Plaintiff appealed the Dismissal Order to the Tenth Circuit Bankruptcy Appellate Panel ("BAP"). On the same day, Plaintiff also filed the Motion.

In the Motion, Plaintiff questions whether the Court has jurisdiction over the adversary proceeding such that it could dismiss count two. *See* the Motion ¶¶ 9, 10, 11, 12, 14, 15, 16, 17, 18, 30, 31, 32, 33, 34, 35, and 36. Pursuant to Rule 52(b), Plaintiff asks the Court to make findings about its jurisdiction. Plaintiff also focuses on the unpled claims he mentioned at the June 3 hearing. *See* the Motion ¶¶ 38, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, and 50. Plaintiff asks the Court to make findings about the claims. Finally, Plaintiff asks the Court for relief from the Dismissal Order under to Rule 60(b) so he can file a second amended complaint asserting the unpled claims.

On August 6, 2021, the BAP dismissed Plaintiff's appeal of the Dismissal Order, holding that the order was interlocutory and therefore nonappealable. Plaintiff moved the BAP to reconsider the dismissal because of the pending Motion. On August 19, 2021, the BAP entered an order abating Plaintiff's motion to reconsider until the Court ruled on the Motion.

B. <u>Motions to Amend, Reconsider, or Seek Relief From Interlocutory Orders</u>.

Plaintiff's Motion seeks relief under Rules 52(b) and 60(b).[4] Rule 52(b) provides:

> On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59.

Motions to amend findings under Rule 52(b) are appropriate only for final judgments and orders, not interlocutory orders. *See, e.g., Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th

---

[4]These rules apply in adversary proceedings, as set forth in Fed. R. Bankr. P. ("Bankruptcy Rules") 7052 and 9024, respectively.

Cir. 1962) (an interlocutory order is not a judgment as defined in Rule 52(a), so Rule 52(b) does not apply); *Kruskal v. Martinez*, 429 F. Supp. 3d 1012, 1024 n.4 (D.N.M. 2019) ("The rule's use of the term 'entry of judgment,' its reference to rule 59, and its adoption of the same time period that applies to motions to alter or amend a judgment, all lead the Court to conclude . . . that rule 52(b) . . . does not apply to interlocutory orders"); *MLC, Inc. v. North American Philips Corp., Inc.*, 1988 WL 61808, at *2 (S.D.N.Y. 1988) ("A Rule 52(b) motion is appropriate only in those instances when entry of judgment has occurred or will occur."); *see generally* Wright & Miller, 10 Federal Practice & Procedure, § 2651, n. 31 and accompanying text (4th ed.) (Rule 52(b) relies on the existence of a judgment as defined in Rule 52(a), i.e., a final judgment or appealable order).

    Plaintiff's Motion also seeks relief under Rule 60(b), which provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>   (1) mistake, inadvertence, surprise, or excusable neglect;
>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>   (4) the judgment is void;
>   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>   (6) any other reasons that justifies relief.

    Like Rule 52(b), Rule 60(b) only applies to final judgments and orders. *See, e.g., Gravelle v. Kaba Ilco Corp.*, 2021 WL 3392772, at *2 (Fed. Cir.) ("Rule 60(b) applies only to a '*final* judgment, order, or proceeding,' not to interlocutory orders") (emphasis in original); *State Nat'l Ins. Co. v. Cnty. of Camden*, 824 F.3d 399, 406 (3d Cir. 2016) (because dismissal order was not a final order, Rule 60(b) motion was not a proper avenue by which to challenge it); *Fye v. Oklahoma Corp. Comm'n*, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008) (for motions to reconsider interlocutory

orders, the court is not bound by Rule 60(b)'s standards); *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1024 (10th Cir. 2018) (same, citing *Fye*); *see generally* Rule 60(b), official comment to the 1946 amendment ("[t]he addition of the qualifying word "final" emphasizes the character of the judgments, orders or proceeding from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule . . . .").

The Dismissal Order is interlocutory. *See* the August 6, 2021, BAP order dismissing appeal; *see also S.E.C. v. Merrill Scott & Assoc., Ltd.*, 600 F.3d 1262, 1270 (10th Cir. 2010) ("A decision is 'final' when it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment"), quoting *Boughton v. Cotter Corp.*, 10 F.3d 746, 748 (10th Cir. 1993). Thus, Rules 52(b) and 60(b) do not apply. The rule that governs motions to revise interlocutory orders is Rule 54(b)(1), which provides in relevant part:

> [A]ny order or other decision that . . . does not end the action as to any of the claims or parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

A Rule 54(b) motion invokes "the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment. . . ." *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991)"); *see also Sartori v. Steider & Assoc., P.C.*, 2017 WL 11508063, at *1 (D.N.M.) (to the same effect); *Nissen v. U.S.*, 2021 WL 3663799, at **2-3 (D.N.M.) ("a motion to reconsider any order that is not final is a general motion directed at the Court's inherent power to reopen any interlocutory matter in its discretion"); *Shrewsbury v. Cyprus Kanawha Corp*, 183 F.R.D. 492, 493 (S.D. W. Va. 1998) (motions to amend interlocutory order may be brought properly under Rule 54(b)).

"[C]ourts have considerable discretion in deciding whether to reconsider an interlocutory order under 54(b)." *Carroll v. SGS Auto. Services, Inc.*, 2021 WL 2550278, at *2 (W.D. La.), quoting *Keys v. Dean Morris, LLP*, 2013 WL 2387768, *1 (M.D. La.); *R.M.S. Titanic, Inc. v. Wrecked and Abandoned Vessel*, 461 F. Supp. 3d 336, 338 (E.D. Va. 2020), vacated on other grounds 2021 WL 2627695 (4th Cir. ) (Rule 54(b) "provides the trial court with 'broad discretion' to revise its orders at any point prior to entry of final judgment").

"When evaluating whether to reconsider an interlocutory order pursuant to Rule 54(b), courts apply the same legal standard as used for a motion to alter or amend a judgment under Rule 59(e)." *Sartori*, 2017 WL 11508063, at *1, citing *Tomlinson v. Combined Underwriters Life Ins. Co.*, 684 F. Supp. 2d 1296, 1299 (N.D. Okla. 2010); *see also Sump v. Fingerhut, Inc.*, 208 F.R.D. 324, 326–27 (D. Kan. 2002) (courts routinely use Rule 59(e) standards when reviewing a Rule 54(b) motion). Under Rule 59(e), "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration under rule 59(e) is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Id.*

C. Does the Court Have Jurisdiction to Rule on the Motion?

As a preliminary matter, the Court must decide whether it has jurisdiction to rule on the Motion, given the pending appeal. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982), citing *U.S. v. Hitchmon*, 587 F.2d 1357 (5th Cir. 1979). The rules of

appellate procedure for the bankruptcy courts have exceptions to this general rule for certain post-judgment motions, i.e., motions brought under Rules 52, 59, and 60.[5] *See* Bankruptcy Rule 8002(b). If a post-judgment motion is brought under one of these rules, the bankruptcy court retains jurisdiction to rule on the motion, and jurisdiction over the matter is not transferred to the appellate court until the bankruptcy court rules.

The Dismissal Order is interlocutory, however, so Rules 52, 59, and 60 do not apply. *See, e.g., In re Pacific Forest Prod. Corp.*, 335 B.R. 910, 916 (S.D. Fla. 2005), citing *U.S. v. Martin*, 226 F.3d 1042, 1047-48 (9th Cir. 2000) (the deadline in Rule 59(e) to file a motion to alter or amend a judgment does not apply to interlocutory orders). Rather, as discussed above, the applicable rule is 54(b).[6] Bankruptcy Rule 8002(b) does not make an exception for Rule 54(b) motions. Thus, the Court may lack jurisdiction to rule on the Motion. Nevertheless, as the BAP has abated Plaintiff's motion to reconsider dismissal of the appeal until the Court rules on the Motion, the Court will proceed on the assumption that it has jurisdiction.[7]

D. <u>Plaintiff's Request for Findings About the Court's Jurisdiction to Rule on the Motion to Dismiss</u>.

Plaintiff asks for additional findings about the Court's jurisdiction to dismiss count two. This request is not well taken. As shown above, requests for additional findings are appropriate for final, rather than interlocutory, orders. The additional findings permitted under Rule 52(b) are to aid the appellate court in reviewing the trial court's final judgments or orders. *See* Wright &

---

[5] Made applicable to this proceeding by Bankruptcy Rules 7052, 9023, and 9024, respectively.
[6] Made applicable to this proceeding by Bankruptcy Rule 7054.
[7] *See also Pacific Forest Products*, 335 B.R. at 918 (treating, for policy reasons, appellant's 54(b) motion as a Rule 59(e) motion for the purpose to determining whether the appeal was timely).

Miller § 2582, n.4 and accompanying text. As no appellate review of the interlocutory Dismissal Order is available, no additional findings need be made.

Furthermore, none of the grounds for obtaining Rule 59(e) relief are present: there was no change in the law, no new evidence, and no showing of manifest error. Although Plaintiff doggedly insists that the Court lacks jurisdiction to preside over this core proceeding,[8] and therefore cannot dismiss his count two, he is mistaken. Plaintiff's position is based on his March 31, 2021, motion to withdraw the reference,[9] filed in the United States District Court for the District of New Mexico. To date, the district court has not ruled on the motion. Until the district court rules, this Court retains jurisdiction over all aspects of the proceeding.

The Court has addressed this issue twice. First, the Court discussed its jurisdiction in its May 27, 2021, opinion denying Plaintiff's motion to stay the final hearing on the Motion to Dismiss. More recently, the Court addressed the issue in its Protective and Sanctions Order, entered July 20, 2021. There is no need for further exegesis. The law is quite clear: unless and until the district court withdraws the reference, jurisdiction over the proceeding remains with the bankruptcy court. No further findings of fact regarding this strictly legal issue are necessary.

E.     Requested Additional Findings About Unpled Claims.

Plaintiff next asks the Court to make additional findings about the unpled claims he mentioned at the hearing on the motion to dismiss, namely, claims for breach of fiduciary duty, restitution, and defalcation. For example, Plaintiff states:

> Plaintiff is not advised by the court opinion if the facts alleged in the amended complaint do or do not sufficiently state claims for breach of contract and breach of fiduciary duty and restitution for involuntary payments.
> . . .

---

[8] This adversary proceeding is to determine the dischargeability of certain alleged debts. Such proceedings are core. *See* 28 U.S.C. § 157(b)(2)(I).
[9] *See* 28 U.S.C. §157(d).

> The court opinion does not indicate if a judgment may or may not be obtained for breach of a fiduciary duty.
>
> . . .
>
> The court opinion does not address the applicability of Section 523(a)(4) to the facts of this case in any respect or to what was said at oral argument regarding that exemption.

This request is not well taken for a number of reasons. First, as set forth above, requests for additional findings should not be made for interlocutory orders like the Dismissal Order. Rule 52(b) applies to *final* orders and judgments.

Second, none of the grounds for amending a final order under Rule 59(e) exist.

Third, it is not appropriate for Plaintiff to raise new claims in response to a motion to dismiss. *See, e.g., Plotner v. Hodge*, 2018 WL 2075849, at *4 (D. Colo.) ("This Court does not consider allegations that are raised for the first time in a response, even by a pro se plaintiff, and [a plaintiff] may not amend his complaint via his response."); *Boyer v. Bd. of Cty. Comm'rs of Johnson Cnty.*, 922 F. Supp. 476, 482 (D. Kan. 1996) ("It is inappropriate to use a response to a motion to dismiss to essentially raise a new claim for the first time."); *Wroten v. Walmart*, 2020 WL 2364570, at *2 (D.N.M.) (quoting *Plotner* and *Boyer*), report and recommendation adopted, 2020 WL 2330018 (D.N.M.). Here, Plaintiff waited until the hearing on the motion to dismiss to allude to possible new claims. The Court will not make findings about Plaintiff's unpled claims.

Finally, it would be inappropriate for the Court to give an advisory opinion about the merits of unpled claims. Clearly, the Court ruled in the Dismissal Order that count two of Plaintiff's amended complaint does not state a claim. The Court should not opine about the viability of Plaintiff's unpled breach of duty, restitution, and/or defalcation claims, nor about whether any of those claims could result in a money judgment that is nondischargeable.

F.   <u>Leave to File an Amended Complaint</u>.

Finally, Plaintiff asks that the Dismissal Order be amended to allow Plaintiff to file a second amended complaint. This request must be denied. First, as with his requests for additional findings, Plaintiff did not carry his burden under Rule 59(e) of demonstrating grounds for relief.

Furthermore, Plaintiff did not seek leave to amend his complaint when he responded to the motion to dismiss, nor when he argued the matter at the hearing. It would be unfair to the Defendant to consider a request for relief raised for the first time in a Rule 54(b) motion.

Third, motions to amend pleadings are governed by Rule 15. Rule 15(a)(2), which would apply at this stage of the proceeding, provides: "a party may amend its pleading only with the opposing party's written consent or with the court's leave. The court should freely grant leave when justice so requires." If Plaintiff wishes to amend his complaint, he should file a motion to amend under Rule 15, seek the consent of opposing counsel, and follow the Court's local rules. If Defendant opposes a motion to amend, Plaintiff should attach a proposed second amended complaint to the opposed motion. "A court may . . . deny leave to amend . . . where a plaintiff fails to file a written motion and instead 'merely suggest[s] she should be allowed to amend if the court conclude[s] her pleadings [a]re infirm.'" *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018), quoting *Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 986 (10th Cir. 2010).

An opposed motion to amend would have to pass muster under applicable Tenth Circuit and Supreme Court standards. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962) (undue delay, bad faith, undue prejudice, and futility of amendment are among the grounds for denying a motion to amend); *Warnick v. Cooley*, 895 F.3d at 755 ("[a] district court may deny leave to amend upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."), citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993); *Minter v. Prime Equip. Co.*, 451 F.3d

1196, 1206 (10th Cir. 2006) (movant cannot use "Rule 15 to make the complaint 'a moving target,' to 'salvage a lost case by untimely suggestion of new theories of recovery,' or to present 'theories seriatim in an effort to avoid dismissal[.]'") (citations omitted).

Conclusion

Plaintiff's request for relief under Rules 52(b) and 60(b) is not well taken, given that the Dismissal Order is interlocutory. Treating the Motion as one seeking relief under Rule 54(b), the Court concludes that Plaintiff did not carry his burden of demonstrating entitlement to the relief sought. However, if Plaintiff wishes to file a second amended complaint he may file a motion to amend and attach the proposed pleading.

The Motion will be denied by separate order.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: September 3, 2021

Copies to: Counsel of record

Barry J. Byrnes
1857 Paisano Rd.
Las Cruces, N.M. 88005