UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

SYLVIA MARIE BYRNES,                                                  No. 20-12086-t7

    Debtor.

BARRY J. BYRNES,

    Plaintiff,

v.                                                                    Adv. No. 20-1070-t7
                                                                      (consolidated)

SYLVIA MARIE BYRNES,

    Defendant.

## OPINION

    What is an appropriate judicial response when a plaintiff, after more than three years of significant litigation, refuses to participate in the final pretrial conference or try his case? This proceeding started in state court, where Plaintiff sued his wife, alleging she had lied to the Las Cruces police about Plaintiff having assaulted her. Plaintiff removed the action to this Court; brought an additional adversary proceeding, later consolidated with this one; filed many fruitless appeals (all dismissed); made numerous motions, including motions to withdraw the reference, to recuse, and to remove the presiding magistrate judge (all denied); and filed a petition for writ of mandamus (denied). At last, the proceeding is ready for trial.

    At the final pretrial conference, however, Plaintiff refused to participate in good faith and stated that he would not participate in a trial. His rationale was his purported belief that the district court dismissed the proceeding when it denied his motion to withdraw the reference. Although the Court pointed out that Plaintiff's reading of the district court's order was obviously wrong--the

district court could not keep the reference in place yet dismiss the proceeding--Plaintiff refused to yield.

After reviewing the facts and the law, the Court concludes that this proceeding should be dismissed with prejudice. Furthermore, because the Court finds that Plaintiff's prosecution of this proceeding is and has been in bad faith and constitutes vexatious and harassing litigation, the Court will order Plaintiff to pay Defendant's attorney fees.

A.    <u>Facts</u>.[1]

The Court finds:

Barry Byrnes, the pro se[2] plaintiff, is Defendant/Debtor's estranged husband. On March 29, 2019, Plaintiff filed a state court action against Defendant and their son in the Third Judicial District Court, State of New Mexico, styled *Barry Byrnes v. Sylvia and Matthew Byrnes*, No. D-307-CV-2019-00916 (the "State Court Action"). The complaint alleged six causes of action. The state court judge dismissed four of them, leaving only claims for defamation and the intentional infliction of emotional distress. They relate to a heated argument between Plaintiff and Defendant in July 2018, which prompted Defendant to call the police and report that Plaintiff had assaulted her.

Defendant filed this chapter 7 bankruptcy case on October 30, 2020. Plaintiff removed the State Court Action to this Court, simultaneously filing additional claims in a separate proceeding. The Court consolidated the proceedings and ordered Plaintiff to file an amended complaint.

The main bankruptcy case was closed as a "no asset" case on March 11, 2021.

---

[1] The Court takes judicial notice of its docket in this consolidated adversary proceeding, the main bankruptcy case, the State Court proceeding, and the District Court proceeding. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (a court may sua sponte take judicial notice of its docket and of facts that are part of public records).

[2] Mr. Byrnes used to be licensed to practice law in New Mexico. He currently is on inactive status.

On March 18, 2021, Plaintiff filed with the United States District Court for the District of New Mexico (the "District Court") a motion to withdraw the reference.[3] The motion was given a District Court case number (CV 21-00295) and assigned to District Judge Martha Vasquez and Magistrate Judge Jerry Ritter.

Judge Ritter entered his proposed findings and recommended disposition ("PFRD") on November 10, 2021. In his PFRD, Judge Ritter recommended that the motion to withdraw the reference be denied without prejudice.

The matter was later reassigned to District Judge Kea Riggs. On April 15, 2022, Judge Riggs entered an opinion and order that:

> **adopts** Magistrate Judge Ritter's PFRD;
> **dismisses** Mr. Byrnes' Motion for Withdrawal of Reference without prejudice;
> **denies** Mr. Byrnes' Motion to Set a Date for a District Court Pretrial Conference; and
> **denies** Mr. Byrnes' Motion to Stay Pretrial Conference and Related Relief.

Judge Riggs entered a final judgment implementing the opinion and order, which provided:

> Pursuant to the Memorandum Opinion and Order (doc. 42) entered on April 15, 2022, the Court enters this Final Judgment under Fed. R. Civ. P. 58, DISMISSING this action WITHOUT PREJUDICE. IT IS SO ORDERED.[4]

Upon receipt of Judge Riggs' ruling, the Court scheduled a final pretrial conference. The conference was continued once at Plaintiff's request. The Court held the rescheduled pretrial conference on May 13, 2022. At the conference, Plaintiff stated he would not be participating

---

[3] *See* 11 U.S.C. § 157(d). The proceeding was referred to the Court pursuant to 28 U.S.C. § 157(a) and Misc. No. 84-0324, entered July 18, 1984, in the United States District Court for the District of New Mexico.

[4] Plaintiff appealed Judge Riggs' ruling. On the same day Plaintiff filed a motion to reconsider the ruling. The Tenth Circuit issued an order abating the appeal until Judge Riggs has ruled on the motion to reconsider. The Tenth Circuit also noted that there are other potential jurisdictional issues. Although the issues were not identified, the Tenth Circuit may be referring to the fact that orders denying motions to withdraw the reference are interlocutory. *See In re Commercial Financial Services, Inc.*, 97 Fed. App'x 238, 239 (10th Cir. 2004).

because, in his opinion, Judge Riggs dismissed the adversary proceeding. The following exchange then took place:

> COURT: Are you willing to participate in this pretrial conference in good faith?
>
> PLAINTIFF: No. I'm not willing to participate Judge because as you know that on April 15 there's a final judgment entered which dismisses the action, so you're proposing to conduct a bench trial on an action that's dismissed. There's an appeal from the final judgment and motions were filed with Judge Riggs based upon her underlying decision and order which was entered on April 15, 2022, so I'm not participating in this cause.

The Court attempted to correct Plaintiff's misinterpretation of the Final Judgment:

> COURT: Alright that's not how I interpret her decision, I don't think she ruled on the merits of your case, I think she ruled on your motion to withdraw the reference.

Plaintiff responded:

> PLAINTIFF: You're not the 10th Circuit, you're just a Bankruptcy Judge, you're nobody.

Plaintiff refused to accede.

Because of Plaintiff's position, the Court could not conduct the conference or set the proceeding for trial. The Court asked Defendant's counsel about an appropriate sanction for Plaintiff's conduct. Defendant asked that the Court dismiss the proceeding with prejudice.

B.   Federal Rule of Civil Procedure ("Rule") 16(f).

Rule 16(f)[5] provides:

> On a motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii),[6] if a party or its attorney: . . . (B) is substantially unprepared to participate—or does not participate in good faith—in the conference.

---

[5] Made applicable in adversary proceedings pursuant to Fed. R. Bankr. Pro. 7016.
[6] Made applicable in adversary proceedings pursuant to Fed. R. Bankr. Pro. 7037.

"Rule 16(f) 'indicates the intent to give courts very broad discretion to use sanctions where necessary to insure . . . that lawyers and parties . . . fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial.'" *Teague v. Riddle*, 2021 WL 3362572 *2 (D.N.M.), affirmed, 2022 WL 103392 (10th Cir.), quoting *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002).

C.  Dismissal as a Rule 16(f) Sanction.

One sanction available under Rule 16(f) is to "dismiss[] the action or proceeding in whole or in part." Rule 37(b)(2)(A)(v). Dismissal is a drastic remedy, *see Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009), and *In re Quick Cash, Inc.*, 2019 WL 4307550, at *4 (Bankr. D.N.M.), but one that should be imposed when appropriate. *See, e.g., Gripe*, 312 F.3d 1184 (affirming dismissal with prejudice); and *Jones v. Trujillo*, 2012 WL 13081962, at *5 (D.N.M.) (recommending dismissal with prejudice). When determining whether to impose the sanction of dismissal, courts analyze the so-called *Ehrenhaus*[7] factors, namely "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." 965 F.2d at 921. "The factors do not create a rigid test but are simply criteria for the court to consider." *Gripe*, 312 F.3d at 1188.

The Court analyzes the *Ehrenhaus* factors as follows:

| Factor | Analysis |
| --- | --- |
| (1) The degree of actual prejudice to the other party; | Over the past three years and more, Plaintiff has filed numerous motions, petitions, and appeals, including three motions to disqualify a presiding judge. The litigation has largely been vexatious and undertaken in bad faith. Although many of Plaintiff's arguments and actions have lacked merit, Defendant has been required to defend against them in state court (trial and appellate), bankruptcy |

---

[7] *See Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992).

| | |
|---|---|
| | court, District Court, the Bankruptcy Appellate Panel, and the Tenth Circuit Court of Appeals. Defendant has incurred $12,921.14 in attorney fees since the proceeding was removed to this Court. This factor weighs in favor of dismissal. |
| (2) The amount of interference with the judicial process; | "Interference with the judicial process can result from 'willful failure to comply with a direct court order.'" *Quick Cash,* 2019 WL 4307550 *6, quoting *Ehrenhaus*, 965 F.2d at 921. Plaintiff did not comply with the Court's order to prepare a pretrial order using the bankruptcy court's form. Plaintiff also refusing to participate in good faith at the pretrial conference. More broadly, Plaintiff's willingness to file and litigate all his motions and appeals, while refusing to try his case, constitutes a major, ongoing interference in the judicial process. To date, 18 state and federal court trial and appellate judges have been involved in this proceeding.[8] This factor weighs in favor of dismissal. |
| (3) The culpability of the litigant; | Plaintiff is a former lawyer. He knows how he is expected to behave in court and towards opposing counsel. He knows court orders are requirements, not mere suggestions. He also knows that bad faith, vexatious litigation is wrong and sanctionable. Plaintiff's actions have been culpable throughout this litigation. This factor weighs in favor of dismissal. |
| (4) Whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and | At the pretrial conference, the Court warned Plaintiff that it might dismiss this proceeding under Rule 16. Plaintiff responded, "Judge you can do what you want, I'm not participating." This factor weighs in favor of dismissal. |
| (5) The efficacy of lesser sanctions. | If a plaintiff refuses to take his case to trial, no sanction other than dismissal would be efficacious or appropriate. A plaintiff must try his case when it is ready for trial, or have it dismissed. |

The *Ehrenhaus* factors weigh heavily in favor of dismissing the adversary proceeding with prejudice.

---

[8] Hon. Harris L Hartz; Hon Joel M. Carson; Hon. Allison H. Eid; Hon. Martha A. Vasquez; Hon. Kea W. Riggs; Hon. Jerry Ritter; Hon. David T. Thuma; Hon. Tom Cornish; Hon Janice Loyd; Hon. Casey Parker; Hon. Terry Michael; Hon. William Thurman; Hon. Judith K. Nakamura; Hon. Linda M. Vanzi; Hon. J. Miles Hanisee; Hon. James T. Martin; Hon. Richard M. Jacquez; and Hon. Casey B. Fitch.

To excuse his refusal to participate in the pretrial conference or proceed to trial, Plaintiff argued that Judge Riggs dismissed this proceeding when she denied Plaintiff's motion to withdraw the reference. The argument is frivolous. Judge Riggs' order "dismisses Mr. Byrnes' Motion for Withdrawal of Reference [Doc. 1] without prejudice." Nowhere does Judge Riggs say that the underlying proceeding should be dismissed. That is because (i) dismissal of the proceeding was not before her, and (ii) it is impossible to keep the reference in place and dismiss the proceeding. The final judgment, entered at the same time as the opinion and order, dismissed CV 21-00295 but not this proceeding.[9]

Because there is only one reasonable interpretation of Judge Riggs' ruling, the Court finds that Plaintiff's alleged interpretation was a pretext for refusing to try his case.

The Court further finds that Plaintiff does not want to *try* the case against his wife, only to *litigate* it. Plaintiff knows his wife has limited means and cannot afford litigation. Relying on his experience as a lawyer, Plaintiff used this proceeding to harass his wife and drain her of what little money she had, without incurring any substantial expenses of his own. However, when Plaintiff was given his "day in court," he balked on the flimsiest pretext. Based on everything that has happened in this proceeding since it was removed from state court, the Court finds and concludes that Plaintiff "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 45-46 (1991) (internal quotation marks and citation omitted). Plaintiff has used litigation in the state district court, the state appellate and Supreme Courts, this Court, the

---

[9] Plaintiff's 20-page motion to reconsider Judge Riggs' ruling never mentions Plaintiff's concern that his claims were dismissed as part of the ruling. On the contrary, Plaintiff states in the first paragraph that Judge Riggs' opinion and order are "the basis for a final judgment that dismisses civil action No. 21 CV 00295 without prejudice." That is an accurate statement, and entirely different from Plaintiff's assertion at the pretrial conference that Judge Riggs dismissed his claims. Furthermore, in his notice of appeal Plaintiff alleges six errors. Dismissal of Plaintiff's claims is not one of them.

district court, the Tenth Circuit Bankruptcy Appellate Panel, and the Tenth Circuit Court of Appeals, to vex, harass, and impoverish his wife. Plaintiff does not want a judgment, which would be uncollectible, but to keep this litigation going as long as possible.

Dismissal with prejudice is a fair and reasonable response to Plaintiff's prolonged misuse of the state and federal court systems.

D. <u>Dismissal Under Rule 41(b)</u>.

Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Dismissal also is appropriate under this rule. Plaintiff has not only failed to prosecute this proceeding, he refuses to do so. Further, Plaintiff has refused to comply with Rule 16 and the Court's order setting the pretrial conference. Based on Plaintiff's failure to prosecute, Defendant asked that the proceeding be dismissed with prejudice. Granting the requested relief pursuant to Rule 41(b) is appropriate. *See, e.g., Tafoya v. Colorado*, 628 Fed. App'x 617, 619 n.4 (10th Cir. 2016) (the *Ehrenhaus* factors should be weighed when considering a motion to dismiss under Rule 41(b); *Padilla v. Mnuchin*, 802 Fed. App'x 426, 427 (10th Cir. 2020) (dismissal under Rule 41(b) is within the discretion of the trial court); *Davis v. Operation Amigo, Inc.*, 378 F.2d 101, 103 (10th Cir. 1967) (same); *S.E.C. v. Power Resources Corp.*, 495 F.2d 297, 298 (10th Cir. 1974) (no precise rule as to what circumstances justify a dismissal for failure to prosecute).

E. <u>Award of Attorney Fees</u>.

Rule 16(f)(2) provides

Imposing Fees and Costs. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fee—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

In addition, courts have the power and the obligation to prevent abusive litigation by entering appropriate sanctions. In *Durango v. Cohen*, 2013 WL 12328881, at *4 (D.N.M.), the court held:

> It is well established that the "federal courts have inherent power to assess attorney's fees against counsel" when "a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 45-46 (1991) (internal quotation marks and citation omitted).
>> The imposition of sanctions in this instance transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy.
>
> Id. at 46 (internal quotation marks and citation omitted; alterations in original). Such awards are punitive and, therefore, "appropriate only in exceptional cases and for dominating reasons of justice." *Mountain West Mines, Inc. v. Cleveland-Cliffs Iron Co.*, 470 F.3d 947, 953 (10th Cir. 2006) (internal quotation marks and citation omitted); *see also Hall v. Cole*, 412 U.S. 1, 5 (1973) (holding that such awards are, "of course, punitive, and the essential element in triggering the award of fees is therefore the existence of 'bad faith' on the part of the unsuccessful litigant.").

*See also Kornfeld v. Kornfeld*, 393 Fed. App'x 575, 578 (10th Cir. 2010) (the bad faith fee-shifting rule allows the court to police itself and serves the dual purposes of vindicating judicial authority and making innocent parties whole); *Green v. Price*, 76 F.3d 392, at *1 (10th Cir.) (unpublished) (when deciding to impose sanctions on an abusive litigant the court must balance the litigant's constitutional right of access to the courts against the court's inherent power to regulate its docket); *see generally Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980) (federal court must have and exercise the contempt sanction power to protect the orderly administration of justice and in maintain the authority and dignity of the court).

There are three reasons to impose substantial monetary sanctions in this proceeding. The first and least significant reason is Plaintiff's contumacious conduct toward the Court. As a former attorney, Plaintiff knows how he is expected to conduct himself in court. His behavior at the pretrial conference and throughout this proceeding has been remarkably disrespectful. Plaintiff's rudeness to opposing counsel and the Court is inexcusable.

Second, and more importantly, Plaintiff wasted the Court's and the Defendant's time at the final pretrial conference by refusing to confer in good faith, giving as his reason an obvious pretext.

Finally, and by far most importantly, Plaintiff's actions throughout this proceeding have been in bad faith, vexatious, wanton, harassing, and oppressive. It is bad faith to litigate and then refuse, on the flimsiest grounds, to try the case. It makes obvious that Plaintiff's claims were brought and litigated to torment his estranged wife with bad faith, vexatious litigation that cost him little or nothing but forced her to incur ever-mounting attorney fees. Plaintiff's conduct merits a significant sanction.

Defendant has incurred the following attorney fees in this proceeding after removal:

| Hours billed | Hourly rate | Fees billed | Gross receipts tax | Total |
|---|---|---|---|---|
| 53.02 | $225 | $11,929.50 | $991.64 | $12,921.14[10] |

The Court finds that the fees charged to Defendant are quite reasonable, given all of the work Plaintiff has put Defendant to. Had Defendant retained one of the large Albuquerque defense firms, her legal fees could easily have been several times this amount.

The Court will enter a money judgment in favor of Defendant and against Plaintiff for $12,921.14. The money judgment will supersede the Court's July 20, 2021, sanctions order.[11]

---

[10] These figures are from two affidavits filed by Defendant's counsel, docs. 89 and 165. Gross receipts tax in Las Cruces, New Mexico is 8.3125%.
[11] The judgment resulting from this opinion will correct an error in the first affidavit, which had a $250/hour rate instead of $225/hour rate.

## CONCLUSION

This proceeding will be dismissed with prejudice as a sanction for Plaintiff's refusal to confer in good faith at the final pretrial conference and to try his case. As an addition sanction, the Court will enter a money judgment in favor of Defendant and against Plaintiff for the $12,921.14, representing the fees and costs Defendant has incurred in this proceeding. A separate order shall be entered.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: May 27, 2022
Copies to: counsel of record

Barry J. Byrnes
1857 Paisano Rd.
Las Cruces, N.M. 88005